## Albert L. Deane et al. v. Denver & Rio Grande R. R. Co.

1. PRACTICE—*Taking Exception.*—If counsel desire to avail of any error in the language of the court when ruling upon admissibility of evidence, a specific exception to the language used should be preserved.

Assumpsit, for merchandise sold and delivered.  Trial in the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.  Verdict and judgment for plaintiff.  Appeal by defendant. Heard in this court at the October term, 1897.  Affirmed.  Opinion filed June 13, 1898.

STATEMENT.

Appellee recovered judgment in a suit for breach of warranty as to certain safes, sold by appellants to appellee. There were conversations between representatives of the two parties, and the specifications for the safes ordered were finally reduced to writing, and form the basis of the contract as to construction and quality.  A part of the specifications of the car safes were worded as follows:

" The walls of said safe to be three inches thick and the interior to be lined with one-half inch five-ply drill-proof steel, secured at all corners by solid five-ply steel angles one-half inch in thickness, making combined thickness at joints of one inch.  Said angles secured to lining by double conical seven-ply steel rivets, which are so arranged that they can not be drawn out or driven in, and make the walls as secure as a solid mass.  The door of safes to be composed of three plates of metal, as follows:   The two outer plates to be of five-ply drill-proof steel and iron three-eighths inches thick, the inside plates to be of soft steel three-eighths inches, making a combined thickness of $1\frac{1}{8}$ inches.

" All plates to be held  together by Hall's patent conical steel plugs and frame bolts."

It was also specified that construction and security of these safes should be the same as in former car safes sold to appellee by the Hall Safe & Lock Co.

The specifications of the station safes were in part as follows:

" Outer door to be lined with three alternate plates of iron and five-ply drill-proof steel, making a combined thickness of one inch.

" Also to be secured by heavy wrought iron bolts working in wrought iron frames and secured to door by Hall's patent conical frame bolts."

It is undisputed that the safes delivered and paid for by appellees were not constructed in compliance with these specifications, in that straight bolts were used in fastening the plates instead of the conical bolts specified; nor were they like in construction to former safes purchased by appellee from Hall Safe & Lock Co. As to whether this deviation from the construction specified made the safes of less value or less secure, there was a conflict in the evidence. Witnesses for appellants testified that the straight bolt was an improvement upon the conical bolt called for in the specifications. Witnesses for appellee testified that the conical bolts would give much greater security. One witness, an expert, Gregg, testified: "The old or former safes have steel screws; the ones in question have iron screws. I think I could open one in ten minutes. If safe was made according to specifications, I think it would take an hour or hour and a half to open it. Hall's conical bolts were not used in these safes. The method of construction was not apparent on examination. It was necessary to strip the door to detect the defects." Another expert, Ainsworth, testified: "It was not as great a protection against burglars as if built according to the specifications, on account of the rivets, bolts or screws." The evidence tended to show that the appellee bought the safes for the purpose of using them in its cars and stations, where protection against burglars was desired, and that appellants knew this purpose and intended use. Buzzell, a dealer in safes, testified that the value of the car safes was about $80 each. There were six car safes at $155 each, and twenty-five car safes at $150 each, delivered under the contract and paid for by appellee. Hobbs, agent of appellee, testified that the value of the station safes was about $75 each. Twenty station safes at $160 each were paid for by appellee.

Appellee recovered verdict and judgment thereon for $1,395.

MILTON I. BECK, attorney for appellants.

GEORGE W. BROWN, attorney for appellee.

Mr. Justice Sears delivered the opinion of the court.

It is undisputed that the goods delivered to and paid for by appellee did not comply with the agreed specifications. There was evidence which warranted the jury in finding that the safes delivered afforded less security and were of less value than the safes specified, and that the difference amounted to as much as $1,395. The verdict not being against the weight of the evidence, it only remains to consider questions of procedure at the trial. Counsel urge that the judge presiding at the trial made improper comment upon one of the witnesses. The abstract shows the following as having taken place:

Q. "How long would it take you to open a safe made as that safe is made?"

Mr. Beck: "Objected to."

The Court: "If this man doesn't know, it would be hard to get a man who does know."

Mr. Beck: "I will take an exception."

The comment of the court is subject to criticism, for it might lead the jury to give an undue weight to the testimony of the witness, who was an expert called by appellee. But we can not determine from the record that the exception was taken to the language of the judge rather than to the ruling of the court upon the admissibility of the testimony. Counsel argue now as if the exception was to the former, but the conclusion to be drawn from the record is that it was an exception to the ruling upon the objection to the testimony proffered. The trial court would not naturally regard the exception thus generally taken as applying to anything other than the ruling upon the evidence. Nor does it appear whether the attention of the court was directed to the matter upon motion for a new trial. We are of opinion that if counsel desire to avail of any error in language of the court when ruling upon admissibility of evidence, a specific exception to the language used should be preserved. The testimony in question was that of an expert and related to the security of one of the safes in controversy. We think it was competent to show how readily

the safe could be forced open, especially when this evidence was followed by other testimony to show what in comparison would be the resistance to like efforts if the safe had been constructed according to the contract.

It is urged that the court erred in permitting an answer to the following question:

" What was the general workmanship—the finish of those safes?" The objection is that the finish of the safes was not in question. The answer of the witness, however, disposes of the objection; for the answer is limited to construction, and that was in controversy.

It is also urged that there was error in the ruling of the trial court as to admissibility of evidence of the cost to the manufacturer, of making the safes as delivered compared to the cost of making such safes as were contracted for. Ainsworth testified that there was a substantial difference between the cost of safes delivered and such safes as were specified. To this there was objection, but no exception.

Gregg was examined upon this subject as follows:

Q. " What would be the difference in cost to manufacture these safes delivered to us, from the cost of the safes demanded by these specifications, if you know?"

Objected to, and objection sustained.

Q. " Would there be a material saving in making these safes as they are made, and making them according to specifications?"

Objected to.

The Court: " So far as your knowledge extends, you may answer that question."

To the ruling of the court defendants excepted.

A. " I think there would be a saving of from forty to fifty per cent."

Objected to.

Q. " That you haven't been asked. I simply asked you whether there would be a saving?"

A. " There would be a very material saving."

To the last question no objection was made. But if the prior objection and exception be treated as sufficient and

not waived by permitting the later question to be answered without objection, yet we are not inclined to view the admission of this evidence as so prejudicial to appellants as to constitute reversible error. It is true that the inquiry was not material. The issue was as to whether the safes delivered answered to the specifications, and, if not, the difference in value. The cost to the manufacturer could afford no criterion by which to determine these questions. While in some instances cost may be properly inquired into upon cross-examination of a witness who has testified to a value, it could not here be an item of affirmative proof to establish value or compliance with specifications. But upon consideration of the whole evidence, we are of opinion that the admission of this testimony, if objection to the same was not waived by counsel, is not such error as ought to cause a reversal of the judgment. The one answer to which the exception can be considered to apply, merely states that " there would be a very material saving " in the construction of such safes as were delivered. It was conceded that the specifications were not fulfilled. Competent evidence was presented, which showed the details of variation and the differences in value. We think appellants were not prejudiced by the admission of the testimony.

The court ruled correctly in excluding an answer to the question put to the witness, Cory, in this same connection, viz., the comparative cost of constructing straight and conical bolts.

Finally, it is contended that the verdict is excessive.

There were thirty-one of the car safes, for six of which appellee paid $155 each, and twenty-five for which it paid $150 each. The testimony of Buzzell, who was a dealer, showed them to be of the value of $80 each. The difference upon the car safes alone was an amount larger than the damages awarded. There were twenty station safes for which appellee paid $160 each. The testimony of Hobbs showed them to be of the value of about $75 each. The difference upon the station safes alone was greater than the award of the jury. The jury may have properly credited

this testimony. We can not say that the verdict is against the weight of the evidence either as to the right to recover or the amount awarded.

The judgment is affirmed.