CADDO RIVER LUMBER COMPANY *v.* HENDERSON.

4-4766

Opinion delivered October 25, 1937.

*Buzbee, Harrison, Buzbee & Wright* and *John M. Harrison,* for appellant.

*Tom Kidd* and *Emory & Ridgway,* for appellee.

SMITH, J. Appellee recovered judgment to compensate damages for an injury sustained by him while employed by appellant. The judgment recovered is not complained of as being excessive and it will, therefore, be unnecessary to discuss the extent of the injury.

Appellee and other employees were working on what was called the steel gang. They were engaged in taking up steel rails off crossties. The work was done by using tools called scissors weighing about eighteen pounds, with which twelve men would carry a steel rail to the train on which it would be loaded. Small barrels called spike kegs were employed. These contained the new spikes which were required in replacing new rails, and

were thereafter used for the deposit of old spikes which had been extracted from the ties. Occasionally one of these kegs would be knocked down and the staves thereof used for wedges. When this was done, it was the custom to throw off the track and on to the railroad right-of-way the wire hoops which had held the staves in place. The work in which appellee was engaged was of a transitory nature; the crew did not long stay in any one place, and on the day of appellee's injury had covered several miles of track. The station nearest the injury was more than half-a-mile away. The scene of the injury was not, therefore, a place where men were regularly employed.

Appellee testified: "We were taking up steel on spur on one of their set-outs when I got injured." When quitting time came in the afternoon, appellee, in pursuit of his employment, placed a pair of the scissors on his shoulder and started with it to place it in the tool box. Appellee walked along the path at the end of the ties, when his foot became entangled in one of the wire hoops lying in the path, and he was thrown violently to the ground.

Recovery of damages was sought and had upon the ground that the appellant company had negligently failed to furnish appellee a reasonably safe place in which to work by permitting the presence of the wire hoop on the path along which his duties required him to walk.

For the reversal of the judgment, it is insisted that appellant was guilty of no negligence, and that such risk of damage as existed was assumed by appellee, as it was open and obvious.

We think the testimony, viewed in the light most favorable to appellee, fails to establish negligence on the part of appellant. The master does not insure the servant's safety, and is not, therefore, required to furnish a place in which the servant may perform his employment so exempt from danger that the servant will be free from all risk of injury. Neither this nor any other court has ever so held. It is the master's duty to exer-

cise ordinary care to furnish the servant with a reasonably safe place in which to perform his duties while the servant himself is exercising ordinary care for his own safety.

In applying the well-settled principles of law defining the duty of the master to furnish the employee a reasonably safe place in which to work, it must be remembered that appellee was employed in a transitory work. His duties carried him from place to place and over considerable distances. The place of his injury was not a shop or a railroad yard where men are continually at work, but was on a spur track, where the men had been at work for only a short time and where they were not expected to long remain. It would be to impose the highest degree of care, rather than ordinary care, to require the appellant to keep its tracks clean where and while men were at work of any and all objects which might occasion injury. We think the danger here to appellee was not such that appellant should have foreseen it; nor do we think that the danger could have been discovered by the exercise of the ordinary care which the occasion required. Appellant had the right to assume that appellee would exercise some care for his own safety, and its duty must be measured in the light of that assumption. We conclude, therefore, that it would require something more than ordinary care to make appellee's working place so safe as to be free from any danger.

The hoop over which appellee tripped was not concealed as was the hoop in the case of *Malco Theatres, Inc.* v. *Murphy,* 193 Ark. 240, 98 S. W. (2d) 962, upon which appellee relies. The opinion in that case recites the facts to be that ''The evidence is practically undisputed that the hoop was imbedded in the mortar and sand or concealed in the debris, so that one walking on the sidewalk in the exercise of ordinary care for his own safety would not or could not observe the hoop as long as it was in that position.'' Here, the hoop was not concealed, and the men had been at work at the place where appellee tripped for only about thirty minutes.

The instant case is more nearly like that of *Missouri Pacific Rd. Co.* v. *Martin*, 186 Ark. 1101, 57 S. W. (2d) 1047. The facts in that case were that the employee, while carrying a ladder, which his employment required him to use, from one place to another, in doing his work, stepped on some pieces of lumber which had fallen from the pile on which they had been placed. In holding that the employee could not recover it was there said: "It would be placing too high a duty upon the master to require him to keep the employee's place of work clear of every object upon which an employee might step and slip or fall. They are not insurers, but are only held to the exercise of ordinary care to furnish a safe place to work."

We conclude, therefore, that no negligence was shown in this case, and the judgment must, therefore, be reversed, and, as the case appears to have been fully developed, it will be dismissed.