HARMON *v.* MORRISON.

4-6179                                          147 S. W. 2d 35

Opinion delivered February 3, 1941.

*Paul E. Gutensohn* and *Warner & Warner,* for appellant.

*Charles I. Evans,* for appellee.

MEHAFFY, J. This action was instituted by appellee against the appellant in the circuit court of Logan county on February 28, 1940, to recover damages alleged to have been caused by the negligence of the appellant when he was cleaning windows on a newly-erected building of the Arkansas Tuberculosis Sanatorium near Booneville, Arkansas. The appellant, Harmon, was awarded the contract for the erection of the building.

Appellee alleged that he is a farmer, not qualified to earn support for himself and family except by manual labor, which prior to his injury he was able to do and did; for some time prior to January 3, 1940, he was employed by defendant as a common laborer to work in, upon, and about the buildings of the sanatorium, and he did such things as he was directed by his superiors to do; on January 3, 1940, appellee was directed by his superior to wash and clean the windows in a building

erected by appellant; another laborer was directed to work on the inside of the building and appellee was given a ladder and directed to clean the windows on the outside; that one of his superiors set the ladder for the appellee and directed him to climb it for the purpose of cleaning the windows some 12 or 15 feet from the ground; appellant had nailed, tacked, or otherwise fastened the screen frames over the windows and thus made it necessary for appellee to remove same before he could wash the windows; that while undertaking to remove the screen frame from the window, when he was in the exercise of due care for his own safety, and because of the negligence of appellant, the ladder slipped, causing him to fall, seriously wounding and injuring his back and other parts of his body. Appellee then describes his injuries and the extent thereof and states that he has been under the care and treatment of physicians and that he has spent money in an effort to effect a cure, and will be compelled to expend other sums; that appellee's injuries are the proximate result of appellant's negligence in failing to exercise ordinary care to furnish and provide appellee with a safe place in which and suitable and safe appliances with which to do his work; that appellee, prior to his injuries, was able-bodied and capable of earning about $2.50 a day, but since his injury has been unable to work and will be for an indefinite time in the future. He alleges that he has been damaged in the amount of $3,000 and prays judgment for that amount.

Appellee filed an amendment to his complaint and the appellant answered, denying all the material allegations in the complaint and pleaded specifically that the appellee, if he was injured at the time and place alleged, was injured as a result of his own contributory negligence and of the risks assumed by him at the time he engaged in said employment.

There was a trial and verdict and judgment in favor of appellee against the appellant in the sum of $2,500. Motion for new trial was filed and overruled, exceptions saved, and the case is here on appeal.

The facts in the record show that the appellee, Morrison, was 36 years old and was in the employ of

the appellant, Harmon, and that appellee and others were washing windows in a building recently constructed; that the screens were fastened, some with nails, and it was necessary to remove the screens to wash the windows. The evidence also shows that they secured a 20-foot ladder, and that while appellee was on this ladder, it fell with him, causing his injuries, and that he was very seriously injured. There is, however, no evidence in the record tending to show that there was a defect in the ladder or any other appliance or the place where appellee was working that caused or had anything to do with the injury. In fact, there is no evidence of any defect or any negligence on the part of the master connected in any way with the injury.

Appellee states in his brief that his cause of action was that the appellant had failed in his duty to appellee in that appellant had not exercised ordinary care to provide appellee with a reasonably safe place in which, and reasonably safe appliances with which, to perform his duties as a servant of appellant. It is unquestionably the duty of a master to exercise reasonable care to furnish the servant a reasonably safe place in which and reasonably safe appliances with which to work. The law does not require that he furnish the servant a safe place or safe appliances, but it does require that he exercise ordinary care to make the place where the servant works reasonably safe and to furnish reasonably safe appliances with which to work.

Appellee's cause of action, as stated by himself, is based on the failure of the master to exercise ordinary care with reference to the place to work and appliances. There is no evidence in the record tending to show that the master was guilty of negligence in this respect. In the instant case we have been unable to find any evidence of negligence of the master, and no presumption of negligence arises from the mere happening of the accident which caused the injury. While the duty is upon the master to exercise ordinary care, the presumption is that he has exercised such care, and in the absence of evidence showing failure to exercise such care, the pre-

sumption is that the master performed his duty. *Fraser v. Norman,* 184 Ark. 434, 42 S. W. 2d 569.

This court recently said: "This court has many times held that, in order to recover because of the failure of the master to furnish an employee with safe appliances or a safe place to work, the burden is upon the complaining party to establish the fact that the appliances or place was unsafe, and also that the master either had notice of the unsafe condition or defect or could, by the exercise of ordinary care, have known of the defect. A master is not required to exercise ordinary care to furnish an absolutely safe place to work, but he is required to exercise ordinary care to provide safe appliances and a safe place to work." *International Harvester Co. of America* v. *Hawkins,* 180 Ark. 1056, 24 S. W. 2d 340; *Rice & Holiman* v. *Henderson,* 183 Ark. 355, 35 S. W. 2d 1016.

Both parties have argued at some length as to whether the ladder was a "simple tool." We think it unnecessary to discuss this question, because under our view of the case the evidence does not show any negligence on the part of appellant, and it would therefore be wholly immaterial whether the ladder was a "simple tool" or not.

Appellee contends that since he was a farmer 36 years old and wholly inexperienced in working upon ladders, that he did not assume the risk. We think it is wholly unnecessary to discuss this question because, as we have already said, there does not appear to have been any negligence on the part of the master; and if the master was not negligent, that, of course, is the end of the case because the cause of action is based upon the negligence of the master in his failure to furnish a safe place and safe appliances. Moreover, the evidence does not show that appellee was ignorant and inexperienced, and that he did not know how to handle a ladder. Again, the evidence does not show any defect in the ladder or in the place where he worked.

It is argued by appellee that the appellant did not give him any instruction. What instruction could have

been given him? It is not claimed that there was any defect to which attention could have been called, or any danger from the use of the ladder. The evidence shows that the ladders were there and used by the employees whenever they needed them. So far as the record shows they selected them themselves.

This seems to be a case where the accident occurred and where it is not shown in the evidence that the master was guilty of any negligence, although the appellee was severely injured. In order to recover, the burden is upon the plaintiff, appellee here, to show by a preponderance of the evidence that negligence existed as charged in his complaint, and that this negligence was the cause of the injury to appellee. We think the evidence wholly fails to show either of these requirements.

The judgment is, therefore, reversed, and the case dismissed.