AL NORRIS AND GERTRUDE NORRIS, HIS WIFE
*v.* EVA JO DAVES

5-5616                                    470 S.W. 2d 937

Opinion delivered October 4, 1971

*Guy H. Jones, Phil Stratton* and *Guy Jones, Jr.,* for appellants.

No brief filed for appellee.

JOHN A. FOGLEMAN, Justice. This appeal is brought from a judgment against appellants, employers of appellee, for damages resulting from a cut on appellee's hand suffered while engaged in her employment. Ap-

pellants assert that the circuit court erred in denying their motion for a directed verdict. We agree.

Appellee sued appellants, alleging that her injury resulted from their negligent failure to provide her with a safe place in which to work or with proper utensils. Appellee, an adult female, was engaged in the performance of her duties at the Circle E Barbeque, owned and operated by appellants, when her hand was cut. She was washing a one-gallon glass vinegar jug used for mixing and storing barbecue sauce. An ordinary pint fruit jar lid would fit on the top of this container. Mrs. Daves was washing the jug in hot water. She said that her hand was too fat to fit inside its opening at the top. She was using a hot rag to wash around the top of the jug, when it broke and her thumb was cut. She saw no defects in the jug, and there was no evidence that there were any. There was no other evidence as to the cause of the fracture of the jug. Mrs. Daves, now 41, had worked in restaurants and cafes since she was 12 years old.

Appellants asserted in their motion at the conclusion of the evidence that appellee had failed to show that they were guilty of any negligence which was the proximate cause of her injury.

Appellee's burden of proof was not met by simply showing that the jug broke and that she was injured. *Harmon* v. *Morrison,* 201 Ark. 820, 147 S. W. 2d 35. This is not a situation to which res ipsa loquitur applies. A master does not insure his servant's safety and is not required to furnish a place or equipment so free from danger that the servant is free from all risk of injury. *Caddo River Lumber Co.* v. *Henderson,* 194 Ark. 724, 109 S. W. 2d 425; *Hall* v. *Patterson,* 205 Ark. 10, 166 S. W. 2d 667. He is only required to exercise ordinary care to furnish the servant a reasonably safe place in which to work and reasonably safe instrumentalities with which to perform his job. *Tucker Duck and Rubber Co.* v. *Harvey,* 202 Ark. 1033, 154 S. W. 2d 828; *Basye* v. *Odom,* 205 Ark. 423, 168 S. W. 2d 1092; *Harmon* v. *Morrison,* supra. The master's duty is measured in the

light of his right to assume that the employee will exercise some care for his own safety. *Caddo River Lumber Co.* v. *Henderson,* supra. An employer is presumed to have performed this duty and the employee cannot recover for his injury unless he shows that the employer was guilty of negligence and that this negligence caused the injury. *Tucker Duck and Rubber Co.* v. *Harvey,* supra; *Harmon* v. *Morrison,* supra. Our quotation in *Harmon* from an earlier opinion is equally applicable here. It is, in part:

> This court has many times held that, in order to recover because of the failure of the master to furnish an employee with safe appliances or a safe place to work, the burden is upon the complaining party to establish the fact that the appliances or place was unsafe, and also that the master either had notice of the unsafe condition or defect or could, by the exercise of ordinary care, have known of the defect.

Since appellee failed to meet her burden of proof and the case appears to have been fully developed, the judgment is reversed and the case dismissed.