414

William A. SMITH Jr., Sylvanis PEEKS,
Administrator of the Estate of Robert
Eugene SMITH, Mary Margaret SMITH,
Individually and as Next Friend of
Mary Ann SMITH *v.* J. M. AARON and
S. W. AARON

73-294                                    508 S.W. 2d 320

Opinion delivered April 15, 1974
[Rehearing denied May 20, 1974.]

*Matthews, Purtle, Osterloh & Weber*, by: *Henry J. Osterloh*,
for appellants.

*Laser, Sharp, Haley, Young & Boswell, P.A.*, for appellees.

FRANK HOLT, Justice. The deceased, Robert Eugene
Smith, was employed by appellees to operate a cotton picker.

While operating the picker, the deceased raised the basket to unload its contents in a trailer. The basket became caught in overhead power lines. The deceased then stepped from the picker cab to the trailer and was instantly electrocuted. Admittedly, the work conditions near the high voltage lines did not comply with the safety requirements or standards of care prescribed by Ark. Stat. Ann. § 81-1401 et. seq. (Supp. 1973). This statute contains a penal provision and sets forth the minimum precautions of safety conditions for work being performed by an employee near high voltage lines including a requirement that a certain size and worded sign, prohibiting operation of machinery within six feet of high voltage lines, be posted outside and within the machinery. No such signs were posted. Among other defenses, appellees elicited evidence of custom and usage with respect to signs. A jury apportioned decedent's negligence at 97% and 3% as to the appellees. Consequently, appellants were precluded from any recovery since the decedent's negligence exceeded that of appellees. Ark. Stat. Ann. § 27-1730.1—.2 (Repl. 1962).

We first consider appellants' contention for reversal that the trial court erred in overruling appellants' objection to the following question:

[Appellees' attorney]

Q. From that time until now have you ever seen any signs posted by a man that operated a farm with regard . . .

[Appellants' attorney]

We object to that question.

Court: I am going to let him answer.

Objection overruled.

A. Never have seen a sign nowheres.

Q. Warning anybody about lines?

A. No, sir.

We agree with the appellants. It has been held that where a contractor is held to both custom and industry standards and to the standard which would be followed by a reasonably prudent man then the more exacting standard will control. *Baker v. Pidgeon Thomas Co.*, 422 F. 2d 744 (1970) and cases cited therein including AMI 1204 (which was later revised as a result of this opinion). In the case at bar the statutory scheme § 81-1401 et seq., *supra*, sets the more exacting standards. We hold that when a legislative enactment, as here, prescribes the minimum standards for the safety of an employee in mandatory language then such requirements supersede and render irrelevant any evidence as to custom and usage. To hold contra would deprive the statutory scheme, as devised by our legislature, of its purpose and effectiveness.

Even in the absence of statutory standards there is authority that " . . . . industry cannot be permitted to establish its own uncontrolled standard by adopting careless methods to save time, effort and money." *Ferguson v. Ben M. Hogan Company*, 307 F. Supp. 658 (W. D. Ark. 1969). There the defendant contended that it was the custom of contractors in Arkansas to have "unfinished strips of asphalt in a rough and uneven condition without employing safety or protective devices. . . . " The court said this was a "specious" argument. Cf. *Arkansas Drilling Co. v. Gross*, 179 Ark. 631, 17 S.W. 2d 889 (1929).

We find no error in the court's refusal to give appellants' proffered instruction with respect to the extent of the employer's common law duty to furnish an employee safe working conditions. The instruction did not sufficiently state the law. See, *Southwestern Bell Telephone Company v. Casson*, 199 Ark. 1140, 138 S.W. 2d 406 (1940), *Norris v. Daves*, 251 Ark. 101, 470 S.W. 2d 937 (1971), and 53 Am. Jur. 2d, Master and Servant, § 195. Neither did the court err in refusing appellants' instruction on assumption of risk. This issue was interposed by appellees as an affirmative defense. Therefore, when the court refused appellees' instruction on the subject, it ceased being an issue affecting the appellants.

Appellants also contend that the jury's verdict is unsupported by substantial evidence. We disagree. On appeal we need only look to that evidence, with all reasonable inferences

deducible therefrom, which is most favorable to the appellees. *Baldwin* v. *Wingfield*, 191 Ark. 129, 85 S.W. 2d 689 (1935). In the case at bar, there was evidence adduced by the appellees that the decedent had been warned about the high voltage lines which were clearly visible. He was not a novice in the operation of the cotton picker having done so for appellees approximately two months. He had experience as a mechanic. At the time of the fatal accident the decedent was operating the picker with his brother in the cab, which was contrary to the instruction and warning of his employers. The crowded condition required the decedent to stand when driving the picker, thereby impairing overhead visibility. He was in this position at the time he attempted to unload the picker basket into the trailer. There was evidence that the picker was mechanically in good condition. In the circumstances we certainly cannot say there was an absence of substantial evidence to support the jury's verdict.

For the error previously indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.