WATTERSON and RILEY, Admr's. v. WM. F. LYONS.

1. ESTOPPEL. *Party to suit.* Where, under bill filed by trustees of a corporation against its stockholders, one of the stockholders obtains a suspension of the decree, gives a deposition and receives various notices of taking accounts, depositions, etc., he is estopped, in a collateral suit to allege or prove he was not served with process.

2. SAME. *Admissions.* An admission made in an answer is a solemn admission *in judicio,* and estops the party to deny the admissions afterwards in another suit.

### FROM HAWKINS.

Appeal from the Chancery Court at Rogersville. H. C. SMITH, Ch.

SHIELDS & SHIELDS for complainants.

KYLE & McDERMOTT for defendant.

TURNEY, J., delivered the opinion of the court.

It is charged that W. F. Lyons was the owner of three shares of stock in the real and personal property of the Rogersville Female College. That he transferred, by writing, that stock to John D. Riley, that no trasfer was made on the books of the College.

On the 27th of February, 1866, James T. Shields and F. M. Fulkerson, trustees, etc., filed a bill against various parties in interest, for a settlement of the business of the stock company, and a sale of the property. It is now charged that defendant was a party

defendant in that proceeding. That a decree was rendered in which the defendant was allowed the sum of $585. And was allowed an offset to that amount upon his ascertained indebtedness to the company.

The question to be determined, is, W. F. Lyons estopped to deny that he was party to the suit of the trustees? The facts are that, when the account was to be taken, special commissioner, Yoe, on June 25, 1873, issued a notice to Thomas McDermott, solicitor, and W. F. Lyons, which was returned, "Executed in full as commanded, on July 2, 1873. C. C. Spears, Sheriff."

Another issued October 2, 1873, addressed to F.. M. Fulkerson and W. F. Lyons, and returned endorsed, "Executed by delivering W. F. Lyons a true copy of the within notice, October 21, 1873. J. B. Dykes, Deputy Sheriff."

Similar notices were subsequently issued and service acknowledged by the solicitor for W. F. Lyons.

In the progress of the cause, this report of the commissioner appears, "James T. Shields and F. M. Fulkerson, trustees, etc., *v.* O. Rice, and others. By decree pronounced in this cause at a former term of the court, a reference to the master was made to report upon various matters, which was afterwards reviewed and referred to the undersigned for report, which reference has been, from time to time revived, and the commissioner having given due and legal notice since last term, and taken all the proof offered, now shows the court that the proof before him is still insufficient to enable him to report fully upon all the

matters submitted to him, but by consent of the parties in interest the commissioner will report upon the matter submitted to him as between complainants and W. F. Lyons."

In this report is a statement of the account of W. F. Lyons as to shares of stock, etc., referring to former reports, in one of which this language occurs: "On page 32 of said report, the master reports that there was a balance due from W. F. Lyons with interest to September 7, 1868, the sum of $143.19. At the March term, 1868, a decree was pronounced against W. F. Lyons for said sum of $143.19. Upon these facts the following order was made and referred to the undersigned":

"It is ordered that the said W. F. Lyons may show, by proof, that the former report and decree of March term, 1869, did him injustice, if he can, and if he does so, the special commissioner will report accordingly."

Upon this reference the deposition of W. F. Lyons was taken, and the commissioner reported:

"W. F. Lyons has given his deposition in the cause since said order was made, in which he disclaims any and all interest in the *pro rata* of $585 declared upon the two shares of stock assigned by C. J. McKinney to him, and for which he received a credit, and asserts that the same belongs to J. D. Riley. After a careful examination of all the proof on file, including the books of said association, receipts, depositions and other evidence, the commissioner is of the opinion that errors do exist in said report, but he

is not of opinion that the report of the master and the decree pronounced thereon did Wm. F. Lyons any injustice." There the matter was left to rest by Wm. F. Lyons.

On the 4th of May, 1871, J. D. Riley filed a bill against W. F. Lyons for the purpose of recovering the $585, or sought to be recovered here. Lyons answered, admitting the sale and assignment of the stock, that he was a party to the suit of Shields and Fulkerson, trustees, etc., but denied any indebtedness to the company. A trial was had on bill and answer, when the bill was dismissed without prejudice.

The present bill was filed February 1, 1878. In his answer, Lyons admits the filing of the bill by Shields and Fulkerson, but "positively denies that he was made a party to that suit." He says, "It is true, that by mistake and inadvertence of his counsel, he admitted in an answer to Riley's former bill, that he was made a party defendant to said suit, but denied that he was ever summoned. He now finds, upon inspection and careful examination of the whole record, that he was neither a party complainant or defendant, or was summoned to defend such action, nor did he have any knowledge of the existence of such suit until long after the decree entered in the cause in 1869.

This answer is supported by his own deposition and that of his solicitor, and also by that of the officer who had process in the cause.

The question, as we have said, is, is he estopped to deny that he was a party and bound by the decrees in that case, under the facts recited? A decree

was pronounced against him. By consent that decree was suspended at a subsequent term, and he gave his deposition to show its incorrectness, he failed and submitted, and by his conduct, the stock of Riley, to the amount of $585 was applied in discharge of his indebtedness. After these things, and when the account is proceeding, he appearing on the books of the company as a stockholder, and the interests of the several stockholders and their several indebtedness are being inquired into with a view to final settlement, he receives notice after notice without objection, and in the settlement receives a benefit at the cost of the complainant.

In 1871, while the account is progressing, he solemnly admits in a judicial proceeding, that he was a party to the suit of the trustees. To allow him now to take advantage of the defense that he was not technically a party, when he was so actively, and benefitted by an appropriation of the effects of Riley, would amount to holding that he may take advantage of his own wrong and by it discharge himself from liability both to the College fund and to Riley. The College estate has been wound up and finally settled, and Riley can have no relief there. If relief in that direction ever existed, it has been lost by the statute of limitations through the conduct of Lyons, upon the maxim that a man is to be held responsible for the consequences of his own conduct, Lyons ought not to. be heard to complain in this case.

In addition to his participation we think he is estopped by his answer in chancery. In Greenleaf on

Ev., sec. 27, vol. 1, it is said, "In addition to estoppels by deed, there are two classes of admissions which fall under this head of conclusive presumptions of law, viz, solemn admissions or admissions *in judicio*, which have been solemnly made in the course of judicial proceedings either expressly, and as a substitute for proof of the fact or tacitly by pleading, and unsolemn admissions, extra *judicium* which have been acted upon, or have been made to influence the conduct of others, or to derive some advantage to the party, and which cannot afterwards be denied without a breach of good faith."

The facts in this case brings it directly with the rule laid down as to both classes of admissions.

The decree of the chancellor is reversed, and decree here for complainant, with costs.