EDWARD BROPHY, Defendant in Error, *vs.* THE ILLINOIS STEEL COMPANY, Plaintiff in Error.

*Opinion filed October 26, 1909.*

1. APPEALS AND ERRORS—*question of weight of evidence is not preserved by motion to direct a verdict.* The only question preserved for the Supreme Court by a motion to direct a verdict for the defendant is the question of law whether the evidence in favor of the plaintiff, when considered to be true, together with the inferences which may be legitimately drawn therefrom, fairly tends to support the cause of action averred in the declaration.

2. FELLOW-SERVANTS—*when doctrine of fellow-servants does not apply.* Where an injury to an employee of a steel mill is due to a defective brake on a crane and not to any negligence of the crane-man, the fact that the crane-man and the injured employee may be fellow-servants is not material and the doctrine of fellow-servants does not apply.

3. NEGLIGENCE—*when question of the defendant's negligence is properly left to the jury.* Evidence tending to show that a crane used in handling heavy moulds had a defective brake, which fact was known to the defendant but not to the plaintiff, who was injured by the falling of a mould which he would have safely passed under had not the brake slipped, tends to support the averments of the declaration that the crane was out of repair and that the plaintiff was not furnished a safe place to work, and is sufficient to go to the jury upon the question of the defendant's negligence in those respects.

4. MASTER AND SERVANT—*when a servant does not, as a matter of law, assume risk.* Where the evidence tends to show that there was ample room for the plaintiff to have passed in safety between a moving "buggy" train in a steel mill and certain heavy moulds suspended in the air by a crane if the brake on the crane had not slipped, and that the plaintiff had no notice that the brake was defective, it cannot be said, as a matter of law, that the plaintiff was guilty of contributory negligence or assumed the risk of injury in passing between the train and the moulds.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

GARNSEY & WOOD, and WILLIAM BEYE, (KNAPP & CAMPBELL, of counsel,) for plaintiff in error:

It is the duty of every servant to make use of his faculties and to observe his surroundings. If he fail so to do and is injured thereby he cannot recover even though his employer may have been negligent. *Jones & Adams Co.* v. *George*, 227 Ill. 69; *Kath* v. *Railway Co.* 232 id. 126; *Railway Co.* v. *Halsey*, 133 id. 254; *Armour* v. *Hahn*, 111 U. S. 313; *Way* v. *Railway Co.* 40 Iowa, 341.

An employee has no right to knowingly put himself in a place of danger which by due care he might have avoided. *O'Donnel* v. *MacVeagh*, 205 Ill. 23; *Iron Co.* v. *Lee*, 227 id. 259.

Where a servant so far contributed to an injury received by him that but for his own act the injury would not have been inflicted he cannot recover. Thompson on Negligence, sec. 5373; *Kinney* v. *Corbin*, 132 Pa. St. 341; *Smith* v. *Ingram*, 51 N. J. L. 507; *Railway Co.* v. *Herath*, 230 Ill. 109; *Werk* v. *Steel Co.* 154 id. 427; Cooley on Torts, (3d ed.) 1445; 1 Shearman & Redfield on Negligence, (5th ed.) sec. 99; *Railway Co.* v. *O'Connor*, 115 Ill. 254; *Armour* v. *Brazeau*, 191 id. 126.

The master is not required to take better care of the servant than the servant takes of himself. *Railway Co.* v. *Toy*, 91 Ill. 474; *Kath* v. *Railway Co.* 232 id. 134; *Pennsylvania Co.* v. *Lynch*, 90 id. 333.

JOHN W. D'ARCY, for defendant in error:

The pleadings in this case presented questions of fact as to the plaintiff's care and defendant's negligence, which were submitted to the jury under evidence and instructions of which no complaint is made. The judgment on the verdict being sustained in the Appellate Court, its finding is final.

In a personal injury case the questions as to whether the defendant was guilty of negligence as alleged, or the

plaintiff exercised due care or assumed the risk, are ultimate questions of fact to be determined from a consideration of all the evidentiary facts in the case, and the finding of the Appellate Court as to such ultimate facts is final. *Bartlett* v. *Coal Co.* 237 Ill. 372.

This court will not consider whether the verdict is against the weight of the evidence and will assume that the evidence favoring the plaintiff is true. *Clark* v. *Railroad Co.* 231 Ill. 548; *Savage* v. *Railway Co.* 238 id. 394.

Upon appeal from a judgment of the Appellate Court affirming a judgment of the trial court in an action of law, questions of fact are not reviewed by the Supreme Court. *McGuire* v. *Guthman Co.* 234 Ill. 125.

It was the duty of the plaintiff in error, as master, to furnish Brophy with a reasonably safe place, appliances and machinery in and around which to work in the exercise of reasonable care; also to inspect and repair machinery so as not to injure its servants when working around the same in the exercise of due care. *Stephen* v. *Duffy*, 237 Ill. 544; *Railway Co.* v. *Snedaker*, 223 id. 405; *Postal Tel. Co.* v. *Likes*, 225 id. 249; *Steel Co.* v. *Bauman*, 178 id. 351.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced by Edward Brophy, a minor, by his next friend, against the Illinois Steel Company, in the circuit court of Will county, to recover damages for a personal injury alleged to have been sustained by him while in the employ of said Illinois Steel Company. The jury returned a verdict in favor of the plaintiff for the sum of $5000, upon which judgment was rendered, which judgment was affirmed by the Appellate Court for the Second District upon the appeal of the defendant, and this writ of error has been sued out by it to review the judgment of the Appellate Court.

At the close of all the evidence the defendant moved the court for a directed verdict in its favor, which motion was overruled, and the action of the court in overruling that, motion is the only ground of reversal relied upon in this court.

The plaintiff in error has devoted a large portion of its brief to a discussion of the weight of the evidence and the credibility of the witnesses. This was improper, as the practice is well settled that on a motion for a directed verdict the only question preserved for review in this court is a question of law, and is, Does the evidence in favor of the plaintiff, when considered to be true, together with the inferences which may legitimately be drawn therefrom, fairly tend to support the cause of action averred in the declaration?

In order to intelligently pass upon the contentions of plaintiff in error it will be necessary to briefly state the conditions surrounding the plaintiff at the time he was injured.

The injury took place on the afternoon of September 16, 1906. The plaintiff was then about sixteen years of age and had been employed for three or four months by the defendant as a switchman in its yards at its plant located at Joliet. He had, however, only worked at the place where he was injured, on one occasion prior to the day he was injured. The day of the accident was Sunday, and the plant was closed with the exception that certain moulds holding molten metal, and the buggies (small cars) upon which they were transported, were being cleaned. The buggies were about four feet long, three feet wide and two feet high, and the moulds were made of cast iron, and were about two feet square at the bottom and six feet high, and weighed two thousand pounds each. Each buggy held two moulds and three buggies constituted a train. The trains were hauled upon a narrow-gauge track by a small engine, upon which the engineer rode. Between the engine and the buggies there was a "push car," which had a steel

top and contained the coupling attachment by means of which the buggies were attached to the engine. The switchman operated the switches, attached the buggies to the push car and gave signals to the engineer, by means of which the train attached to his engine was operated. The platform where the moulds were cleaned was approached by the trains upon tracks which ran upon either side thereof. Upon the trains reaching said platform they were stopped and the moulds were transferred to the platform from the buggies by means of hooks attached to chains which were connected with a movable crane. After the moulds were cleaned they were re-loaded from the platform upon the buggies with the crane and hauled away by the engine. At the time the plaintiff was injured a train of loaded buggies was approaching the cleaning platform. He threw the switch in the rear of the train and started forward to mount the running-board of the push car to uncouple the buggies. At that time the crane had hold of two moulds, which were suspended in the air. The plaintiff passed between the suspended moulds and the push car. Some of the workmen called to the engineer to stop the train, but he did not hear them and the train was not stopped. The crane-man undertook to keep the moulds suspended in the air until the train passed, but the brake which controlled the crane slipped and the moulds fell to the ground and one of them toppled over towards the moving train, and plaintiff was caught between the push car and the mould and his leg was crushed in such manner as to necessitate amputation below the knee. The brake on the crane had been out of repair for some time prior to the injury, which fact was known to the man in charge of the crane and to defendant's foreman but was not known to the plaintiff, and there was ample room for the plaintiff to have passed safely between the moulds and moving train had the brake held and the moulds not fallen to the ground and the one which struck plaintiff not toppled over.

It is first contended by the plaintiff in error that there is no evidence in this record fairly tending to show that the defendant was guilty of the negligence charged in the declaration. One or more counts of the declaration charge that the crane with which the moulds were handled was out of repair, and other counts charge that the plaintiff was not furnished a safe place in which to work, and the evidence tended to show that the brake upon the crane was out of repair and had been out of repair for some time, which fact was known to the foreman of the defendant. The direct cause of the injury was the defective condition of the brake upon the crane. We think, therefore, there was evidence in the record fairly tending to establish the negligence charged in the declaration.

It is next contended that the plaintiff was guilty of contributory negligence and assumed the risk of being injured from the defective condition of said brake. The evidence fairly tended to prove that the plaintiff had no notice of the defective condition of said brake, and that had the brake held there was ample room for him to pass between the suspended moulds and the moving train in safety. We do not think, therefore, it can be said, as a matter of law, that the plaintiff was guilty of such contributory negligence as to defeat his right of recovery or that he assumed the risk of being injured from the defective condition of said brake.

It is finally contended that the crane-man and the plaintiff in error were fellow-servants. This question seems to have been raised in this court for the first time. If, however, it had been raised in ample time we do not think the doctrine of fellow-servants applies to this case. The injury to plaintiff did not occur from the negligence of the crane-man but from the defective brake upon the crane. Conceding the crane-man, therefore, to have been a fellow-servant of the plaintiff, but for the defective brake upon the

crane, of which the master had notice and which it was bound to repair, the plaintiff would not have been injured.

We are of the opinion the court did not err in declining to take the case from the jury.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*