(No. 23726.—)
ELIO ZIRALDO, Appellant, *vs.* THE W. J. LYNCH COMPANY, Appellee.

*Opinion filed December 16, 1936—Rehearing denied Feb. 4, 1937.*

CASSELS, POTTER & BENTLEY, (RALPH F. POTTER, GEORGE C. BUNGE, LESLIE H. VOGEL, and RICHARD H. MERRICK, of counsel,) for appellant.

ROBERTSON, CROWE & SPENCE, (EUGENE P. KEALY, and HENRY L. MCINTYRE, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Elio Ziraldo recovered a verdict and judgment in the superior court of Cook county against the W. J. Lynch Company for $5000 damages on account of accidental injuries sustained while engaged in construction work at the DePaul Hospital, in the city of St. Louis, Missouri. The Appellate Court for the First District reversed the judgment without remanding the cause, on the ground that the testimony showed plaintiff was guilty of contributory negligence and therefore the trial court erred in refusing a peremptory instruction for defendant. The cause is here by leave to appeal.

Defendant was the general contractor for the construction of the hospital. Plaintiff was an employee of a sub-contractor for the installation of the tile and mosaic work. Two elevators for delivering materials and for other construction purposes were located in a temporary double-elevator shaft about eight feet south of the south wall of the building. The two shafts were separated by a fence-like partition. At each floor of the building there was a platform connecting the building with the elevator shafts. The shafts had hinged lattice gates seven or eight feet high, facing the building at each platform. The gates of the east shaft swung to the east and those of the west shaft swung to the west. A bar was provided at each gate to keep it closed. Two of defendant's employees were charged with the duty of keeping the elevators in condition and seeing that the gates were kept closed. The double shaft was about fourteen feet long east and west and about eight feet wide. The platform was slightly longer than the shaft. The elevators or hoists were operated by power. Workmen were not permitted to be carried. Plaintiff had been working in the

building about two and one-half weeks. During that time he had seen the elevators in operation but had never used either of them. Shortly prior to the accident he was using a grinding machine on the third floor. It weighed about 1000 pounds. By direction of his boss he was taking the machine to the west elevator for hoisting to the fourth floor. . The corridor from which the machine was brought opened onto the platform in front of the elevators. Two other workmen assisted him in getting it onto the platform. They were pushing and Ziraldo was pulling the machine toward the west elevator, which was standing at the platform. During this time the gate to the east elevator stood open. When they got the machine close to the elevator the men who were assisting Ziraldo went back to their work, leaving Ziraldo to place the machine on the elevator. As he was attempting to do this he leaned into the east shaft, where he was struck by a descending elevator, thrown to the ground and permanently injured. The accident occurred about 11:30 A. M. The east elevator had been in use all morning hoisting sand and gravel to the ninth floor. The gates were open most of the time. If the east gate had been closed the accident could not have happened.

Whether a plaintiff was guilty of contributory negligence is ordinarily a question of fact for the jury to decide under proper instructions. It becomes a question of law only when the evidence is so clearly insufficient to establish due care that all reasonable minds would reach the conclusion that there was contributory negligence. (*Thomas* v. *Buchanan,* 357 Ill. 270; *Mueller* v. *Phelps,* 252 id. 630; *O'Rourke* v. *Sproul,* 241 id. 576.) A motion to direct a verdict for the defendant preserves for review only a question of law whether from the evidence in favor of the plaintiff, standing alone and when considered to be true, together with the inferences which may legitimately be drawn therefrom, the jury might reasonably have found for the plaintiff. (*Brophy* v. *Illinois Steel Co.* 242 Ill. 55; *City of Chi-*

*cago* v. *Jarvis,* 226 id. 614.) We cannot weigh the evidence to determine, as a matter of fact, whether the plaintiff was guilty of contributory negligence, (*Dukeman* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 237 Ill. 104,) and we cannot reject testimony as improbable unless it is contrary to some natural law. *Zetsche* v. *Chicago, Peoria and St. Louis Railway Co.* 238 Ill. 240.

Confining our review of the testimony for the plaintiff to the limit prescribed by law, it discloses that when the machine was brought out of the building the west elevator stood at the platform level. If Ziraldo had pulled the machine into the elevator he could not have gotten out but would have had to remain there with the machine, in violation of orders. To avoid that result the machine had to be pushed into the elevator in advance of him. It had two wheels. Ziraldo's testimony shows that as the other two workmen were pushing and he was pulling the machine onto and across the platform the elevators were behind him. When he got onto the platform he looked to see if the west elevator was standing there. It was at the platform, standing still, and was open. The east elevator was behind him, and he did not look at it because he was to use the other one. He did not know whether or not the gate on the east elevator was open. He could not see it, because his back was turned toward it. When the other two workmen left, and at the time of the accident, he was behind the machine turning it around, intending to push it onto the west elevator. In doing so he bent over and his head extended into the east shaft. Just at that time the east elevator descended and struck him on the right side of the head. He heard no bell or signal and no noise or warning of its approach. He did not see it and did not know that he was leaning into the east shaft. His testimony as to the manner in which the machine was brought onto and across the platform, and his actions and position just before and at the time of the accident, were corroborated by another witness.

It is apparent that if Ziraldo was pulling the machine across the platform, with his back to the elevator shafts, he could not see either of them unless he turned. He was not intending to use the east elevator and had no occasion to look at it. The evidence tended to establish that he informed himself the elevator to which he was taking the machine was in its correct place, that he did not know whether the gate to the east elevator was open, that he had no reason to apprehend it was open, and that he did not know he was leaning into the east elevator shaft.

It remains to be considered whether or not the plaintiff was under any duty to inform himself of and guard against the conditions existing in the east shaft. One engaged in the construction of a building owes to another not in his employ, engaged in the same work and exercising due care for his own safety, the duty of using reasonable care to avoid injuring him. Defendant should have used such care to keep the elevator gate closed. Ziraldo was not bound to anticipate danger and negligent conditions on the part of defendant or his employees. (*O'Rourke* v. *Sproul, supra.*) His failure to look at the east elevator was not contributory negligence *per se*. He had a right to presume that he was not exposed to danger which could come to him only from a breach of duty by the defendant. *Dukeman* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co. supra;* 45 Corpus Juris, "Negligence," sec. 512; *Lawrence* v. *Bartling & Dull,* 255 Mich. 580, 238 N. W. 180; *Crawford* v. *Kansas City Stock Yards Co.* 215 Mo. 394, 114 S. W. 1057.

Under the facts proved, the question of contributory negligence was purely one of fact for the jury to determine. The superior court correctly submitted that issue to it.

The judgment of the Appellate Court is therefore reversed and the judgment of the superior court is affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of superior court affirmed.*