## BURDICK v. POWELL BROS. TRUCK LINES, Inc., et al.
### No. 7736.

Circuit Court of Appeals, Seventh Circuit.

Dec. 3, 1941.

See, also, D.C.Ill., 1 F.R.D. 220.

David J. Kadyk and Gordon R. Close, both of Chicago, Ill. (Lord, Bissell & Kadyk, of Chicago, Ill., of counsel), for appellants.

C. Helmer Johnson, of Chicago, Ill. (Thomas H. Murray, of Chicago, Ill., of counsel), for appellee.

Before SPARKS and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

Plaintiff, as administratrix of the estate of Roderick R. Burdick, deceased, brought an action to recover damages sustained by reason of the death of her intestate, alleged to have been caused by the negligence of the defendants. The cause was tried to a jury resulting in a verdict of guilty, judgment was entered thereon, and defendants appeal.

In her complaint plaintiff alleged that her intestate was in the exercise of ordinary care for his own safety, charged that the motor truck which caused his death was recklessly and negligently operated at a high and dangerous rate of speed, and that the operator of the motor truck failed to keep a proper lookout for vehicles and persons upon the highway. Defendants admitted that there had been a collision and that plaintiff's intestate had died, denied the negligence charged, denied that the deceased had been in the exercise of ordinary care for his own safety, and alleged that the deceased was guilty of contributory negligence as a matter of law.

In the consideration of the main question raised in this case we are bound to adopt the facts and all favorable inferences reasonably and naturally to be drawn therefrom in the light most favorable to the plaintiff. So viewed, it appears that the accident occurred at about 10 o'clock on the evening of January 4, 1939, on a perfectly level, straight stretch of highway somewhere between Onargo and Gilman, Illinois. The highway was of concrete construction 18 feet in width. Plaintiff's intestate, accompanied by his daughter and Frank L. Ong, was driving a Ford automobile north on U. S. Highway No. 45. When he arrived at a point about 2 miles north of Onargo, the right wheels of his automobile ran off the pavement, and in attempting to return upon the concrete he sideswiped a southbound automobile driven by Carl W. Oster. Burdick's automobile was thrown onto the west side of the highway, facing in a north or northeasterly direction, with the left rear wheel off the concrete. All four wheels were on Burdick's automobile after the Oster collision, the tires were inflated, and the headlights were burning, reflecting toward the north. After the impact Oster coasted

off the highway to the west shoulder and stopped about 150 feet south of Burdick's automobile and then walked back to Burdick's car.

Immediately after Burdick's automobile came to a stop, he tried to move the automobile off the highway. "He stepped on the gas feed and tried to move the car, and the car wouldn't move." After this endeavor to move the automobile failed, all the occupants of the automobile alighted. Burdick got out on the left side of his Ford and walked to the rear of it. He was standing about two feet from the center line of the highway on the south side of the automobile when Oster arrived. They stood at this point talking together for about three minutes before defendants' truck, coming from the north at a speed of 40 to 50 miles per hour, crashed into Burdick's automobile. Burdick was knocked down—either by the truck or the rear end of his automobile—and killed.

While Oster and Burdick were conversing, another automobile, northbound, passed and stopped about 150 feet north of Burdick's automobile. This automobile was driven by Gary H. Wilkins. Ong went to Wilkins, obtained a bright flashlight and flashing the light ran some 200 or 300 feet farther north up the highway. The driver of the oncoming truck paid no attention to the flagging, crashed into Burdick's automobile and ran about 135 or 140 feet beyond where his truck had struck Burdick's automobile. No rain was falling at the time of the crash; the highway, however, was wet from the rain of that afternoon. It was a little foggy, but visibility was good, and it was possible to see half a mile to the north.

Defendants contend that Burdick was guilty of negligence in leaving his automobile upon the highway in violation of § 88 of the Uniform Traffic Act (c. 95½ § 185, Ill.Rev.St. 1939), and that therefore the question of his contributory negligence becomes one of law and not of fact. The statute provides that "Upon any highway outside of a business, residence or suburban district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled part of the highway when it is practical to stop, park, or so leave such vehicle off such part of said highway, but in every event a clear and unobstructed width of at least 20 feet of such part of the highway opposite such standing vehicle shall be left for the free passage of other vehicles

and a clear view of such stopped vehicle be available from a distance of 200 feet in each direction upon such highway. * * *

"(c) This section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position."

■ The question of contributory negligence becomes a question of law only when it can be properly said that all reasonable minds would reach the conclusion under the facts stated that such facts did not establish due care and caution on the part of the person charged therewith. Thomas v. Buchanan, 357 Ill. 270, 192 N.E. 215; Ziraldo v. W. J. Lynch Co., 365 Ill. 197, 6 N.E.2d 125; and Blumb v. Getz, 366 Ill. 273, 8 N.E.2d 620.

The argument in our case is that Burdick had ample opportunity to remove his automobile from the highway in time to avoid the accident, and in support of their contention defendants cite Barnstable v. Calandro, 270 Ill.App. 57; Rhoden v. Peoria Creamery Co., 278 Ill.App. 452; Hand v. Greathouse, 294 Ill.App. 383, 13 N.E.2d 1010; and Fitzpatrick v. California & Hawaiian Sugar Ref. Corp., 309 Ill.App. 215, 32 N.E.2d 990. We have read those cases and believe they are not controlling in the instant case as they are clearly distinguishable on the facts.

■■ The Illinois Courts have frequently held that the rights of persons operating automobiles upon the public highways are coequal, and that all parties operating automobiles in the exercise of ordinary care must be on the lookout for other automobiles, either moving or standing in the highway. The duty to exercise reasonable care to avoid collision being reciprocal, what does or does not constitute contributory negligence depends upon the facts and circumstances of the particular case. In this case there was nothing to obstruct Scott's view and had he used his powers of observation, he would have seen the Ford automobile and the actions of Ong in endeavoring to flag the truck. Greenwald v. Baltimore & Ohio Railroad Co., 332 Ill. 627, 164 N.E. 142. From the facts here appearing, we are unable to say as a matter of law that the defendants were not guilty of negligence, nor can we say that plaintiff's intestate was guilty of contributory negligence. These questions in our opinion were properly left to the jury.

Defendant Scott makes the point that plaintiff failed to comply with the requirements of the statute providing for constructive service. The statute providing for service of process on a nonresident motor vehicle driver, c. 95½ § 23, Ill.Rev.St.1939, prescribes that "service of such process shall be made by serving a copy upon the Secretary of State, or by filing such copy in his office, * * * and such service shall be sufficient service upon the said non-resident; if notice of such service and a copy of the process are, within ten days thereafter, sent by registered mail by the plaintiff to the defendant, at the last known address of the said defendant, and the plaintiff's affidavit of compliance herewith is appended to the summons."

To be sure, a party claiming constructive service must show a strict compliance with every requirement of the statute. Correll v. Greider, 245 Ill. 378, 92 N.E. 266, 137 Am.St.Rep. 327. In the instant case the record discloses that an exact copy of the summons together with notice of service with the Secretary of State of the state of Illinois was mailed by registered mail to Charles Elmer Scott, in care of Powell Bros. Truck Lines, Inc., a corporation, Springfield, Missouri, and that he actually received the summons. It also appears from the affidavit of compliance that Scott had given that address as his true and only address and that it was the last known address of said defendant known to the plaintiff or to her agent and attorney. In the District Court Scott moved to quash the return of service of summons and in support of his motion filed affidavits asserting that his residence address is not and never has been care of Powell Bros. Truck Lines, Inc., a corporation, Springfield, Missouri. The District Court overruled the motion. We think in so ruling the court did not err.

The remaining questions do not require extended discussion. It is insisted that the trial court erroneously excluded the testimony of the defendant Scott. The argument is that since Ong testified as to how he obtained the flashlight from Wilkins, how he ran north and how he had to jump aside when the truck failed to heed his warning, Ong was made an agent of the deceased by ratification and Scott, therefore, was a competent witness. With this contention we are unable to agree.

The pertinent provisions of the statute are that no party to any civil action or person directly interested in the result thereof shall be allowed to testify therein of his own motion, or in his own behalf, when any adverse party sues as the administrator of any deceased person, unless when called as a witness by such adverse party, or when in such action, any agent of the deceased shall testify to any transaction between such agent and the opposite party, and that in that event such opposite party may testify concerning the same transaction, c. 51, § 2 Ill. Rev.St.1939. There is no evidence that Burdick requested Ong to do what Ong actually did, nor even that Burdick knew that Ong was flagging the oncoming truck. How, then, can it be said that Ong was the deceased's agent and that he ratified what Ong did?

Finally, it is contended that plaintiff's attorney made improper arguments before the jury. Two instances are mentioned. We have not only examined the claimed prejudicial remarks, but the entire argument as well. In the first instance, after objection was made, plaintiff's attorney withdrew the remark and informed the jury that there was no evidence to sustain it. As to the other, the trial court sustained the objection and instructed the jury to disregard the remark. Under this state of the record we do not believe the rights of the defendants were prejudiced.

For the reasons stated, the judgment of the District Court will be affirmed.

LINDLEY, District Judge (dissenting).

I think that the deceased, whose Ford car, on a misty, rainy night, stood diagonally across the lane of traffic, upon a state and United States, wet and slippery, paved road, with its headlight directed 45° away from such traffic, and who made no attempt, (so far as the record shows), to utilize the starter, to start the car by cranking, or to push it to the right or left off the pavement and then deliberately stood behind his automobile, in the line of traffic, opposite approaching cars, and, while in this position, was struck by his own car, hit by an approaching vehicle, was guilty of contributory negligence as a matter of law, irrespective of a statute which expressly forbade what he did. I would reverse the judgment.