**Audrey BOYD, Plaintiff,**

v.

**Roy Clifford DUNN, Defendant.**

**No. IP 62-C-428.**

United States District Court
S. D. Indiana,
Indianapolis Division.
April 15, 1963.

Townsend & Townsend, Indianapolis, Ind., for plaintiff.

Bingham, Summers & Spilman, Indianapolis, Ind., for defendant.

STECKLER, Chief Judge.

This cause came before the court on the defendant's motion to dismiss the complaint because of an alleged insufficiency of service of process.

Plaintiff, a resident of Indiana, commenced the action in the Marion Superior Court, Marion County, Indiana, and thereafter pursuant to Title 28 U.S.C. § 1441 (1950) et seq., the case was removed to this court.

The action is one for personal injuries allegedly arising out of an automobile accident in Indiana on October 1, 1960. The complaint alleges that defendant was a resident of Indiana when the accident occurred but at the time of the filing of the complaint, defendant was a resident of Iowa.

In the state court, process was caused to issue and be served on the Secretary of State, presumably pursuant to Ind. Ann.Stat. § 47–1043 (1962 Supp.). However, by the defendant's motion to dismiss, an issue has been raised as to whether that statute was superseded and repealed by implication by enactment of the 1961 Indiana General Assembly of Ind.Ann.Stat. § 2–808a. Section 2–808a (Acts, 1881 (Spec.Sess.), ch. 38, § 61a, as added by Acts, 1961, ch. 342, § 1, p. 1049), is an amendment to Ind.Ann.Stat. § 2–808 (Acts, 1881 (Spec.Sess.), ch. 38, § 61, p. 240), which is the Indiana statute providing that when the defendant is a nonresident, personal service of sum-

mons out of the state is equivalent to publication, and prescribing the method and manner in which such service may be proved. Section 47–1043, the Indiana nonresident operators service of process statute, was enacted in 1943 and was amended in 1959 (Acts, 1943, ch. 145, § 1, p. 435, as amended by Acts, 1959, ch. 124, § 1, p. 323) to include the words "or by any resident of this state who may thereafter become a nonresident of this state." Section 2–808 was enacted in 1881. Section 2–808a was added in 1961.

In essence, § 2–808a covers the provisions of § 47–1043 with the exception, however, of the foregoing quoted language concerning a resident who becomes a nonresident after an automobile accident arising out of the operation of a motor vehicle on the streets or highways of Indiana. Section 2–808a also provided a different procedure for effecting service of process and proof thereof.

Defendant has alleged that he was served with summons at his residence in Des Moines, Iowa, on September 22, 1962, five days after the action was filed in Indiana. (See Petition for Removal, p. 2.) Defendant further states that the records of the state court from which this action was removed indicate that nine days after the action was filed the Clerk of that court acknowledged receipt of a registered mail return receipt purportedly signed by defendant. (See Brief in Support of Motion to Dismiss, p. 8).

■■ The court is of the opinion, and so holds, that Ind.Ann.Stat. § 47–1043 (1962 Supp.) has not been repealed in toto by Ind.Ann.Stat. § 2–808a (1962 Supp.), and that except wherein the two statutes cover the same matter and are in conflict with each other, Section 47–1043 was still in force at the time service was attempted in this action. Compare 1962 Op.Ind.Atty.Gen. No. 4, p. 10. Since Section 2–808a did not cover the situation where a resident involved in an automobile accident becomes a nonresident prior to commencement of an action arising out of such accident, Section 47–1043 was still in effect in such circumstances, both as to the right to serve such a nonresident and as to the procedure for effecting service. Thus the failure of plaintiff herein to file an affidavit of compliance as required by Section 2–808a does not make the service of process insufficient, as contended by defendant.

■■ While defendant has not raised the issue, the removed record does not show that plaintiff fully complied with the provisions of Section 47–1043 in that there is no return receipt showing notice to defendant by the Secretary of State. However, as indicated, defendant has alleged that he was personally served outside the state, and has conceded that a return receipt purportedly signed by defendant was acknowledged as filed in the state court by the Clerk thereof. Due to the failure to remove the entire record, the removed record does not show that the notice given was given by the Secretary of State as required by Section 47–1043. While a party claiming constructive service must show a strict compliance with every requirement of the statute, see Burdick v. Powell Bros. Truck Lines, 124 F.2d 694, 697 (7th Cir. 1941); 61 C.J.S. Motor Vehicles § 502a, if the defendant is fairly apprised by notice that an action has been commenced against him and is given a fair opportunity to defend, substantial compliance with the provisions for giving notice will suffice to confer jurisdiction. Thus it would appear that the failure of the removed record to reflect that the provisions for proof of service under Section 47–1043 were strictly complied with is not crucial in this case.

For the reasons stated, the motion to dismiss is Overruled; and defendant is directed to file its answer within ten (10) days of the date of this order.