Christine Garner **MASSENGILL,**
Appellant,

v.

**A. D. CAMPBELL,** Appellee.

**No. 24418.**

United States Court of Appeals
Fifth Circuit.

Feb. 28, 1968.

4. The State does not seek to uphold the search as a "frisk."

**234**

Charles M. Murphy, Jr., Memphis, Tenn., Maurice Amidei, Fort Worth, Tex., for appellant.

Dexter Scurlock, Fort Worth, Tex., for appellee.

Before TUTTLE, GEWIN and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

Massengill sued Campbell, a resident of Texas, in United States district court in Tennessee for damages arising out of an automobile accident in Tennessee. As provided by Fed.R.Civ.P. 4(e) service was sought under the Tennessee Non-Resident Motorist Statute.[1] Campbell did not appear and Massengill obtained a default judgment. We are called upon to decide the validity of the service of process.

Massengill recorded the judgment in Texas pursuant to Texas law and registered it in United States district court in Texas under 28 U.S.C.A. § 1963. The judgment was not satisfied, and Massengill filed a bill for discovery in the district court in Texas. Campbell answered that the judgment was invalid for want of jurisdiction and filed a "countersuit" praying that the judgment be vacated under Fed.R.Civ.P. 60(b) and the lien thereof removed as a cloud on the title of his Texas real estate. The district court found that the Tennessee statute

had not been complied with and held the judgment void and not a lien.

The Tennessee statute requires that the Secretary of State, designated as the agent to receive process for a nonresident motorist, send to the defendant by registered return receipt mail process that has been served upon the Secretary. Section 20–227, covering evidence of service, says the return receipt is to be "signed by, or duly in behalf of, the defendant." Section 20–226, describing the procedures for service, states that "acceptance of such registered mail by any member of the addressee's family, over the age of sixteen (16) years and residing in the same dwelling with him, shall constitute sufficient delivery thereof to the addressee," and "[i]n case delivery of said process so made by registered mail be refused by the addressee thereof * * * such refusal shall be deemed the equivalent of delivery and adequately constitutes service."

Mail for the Campbell family was not delivered to the home but picked up at the post office by the children with the knowledge and consent of the parents. The parents did not pick up mail. The registered letter sent by the Secretary of State of Tennessee was signed for and received by Campbell's 14-year old son and was brought home. Campbell learned of it. Whether he ever held the letter in his hand is not clear. But the substance of its contents was made known to him, for the son told him, "Dad, they are suing you in Tennessee." The letter was thrown in the trash, either by Campbell himself or by the son at his direction. Campbell instructed his wife that whenever any more mail came from "that bunch" to throw it in the trash, tear it up or send it back, that "I don't want to see anything else about it."

The trial judge based his conclusion on the sole ground that the letter was signed for and received by the 14-year old son while § 20–226 refers to acceptance of registered mail by a person over the age of 16. He stated he did not reach the

1. Tenn.Code Ann. §§ 20–224 & 20–226 (Supp.1967) & 20–227 (1955); see also

Tenn.Code Ann. §§ 20–235 to 20–240 (Supp.1967).

**235**

question whether Campbell received actual notice. The record shows that Campbell did receive actual notice of the Tennessee proceedings.

 The object of nonresident motorist statutes is to provide a method of notice reasonably calculated to afford parties interested in a judicial proceeding the opportunity to appear and be heard. Cf. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

 Sufficiency of process is determined by Tennessee law. Fed.R.Civ. P. 4(e). Neither our own research nor that of counsel has uncovered a case from Tennessee construing its statute which upholds service on similar facts. It has long been established in Tennessee jurisprudence, however, that receipt of actual notice of legal proceedings precludes the recipient from raising a technical defect in service of process. See Watterson & Riley v. Lyons, 77 Tenn. 566 (1882). Nonresident motorist statutes in effect in other states have been construed to validate service of process where actual notice is received despite a technical noncompliance with the statute. E. g., Boyd v. Dunn, 215 F.Supp. 780 (S.D.Ill.1963); Rielly v. Crook, 112 Ga.App. 334, 145 S.E.2d 110 (1965). It also has been held that a nonresident defendant may not defeat service by refusing to accept a registered letter. Boss v. Irvine, 28 F.Supp. 983 (W.D.Wash.1939); Cherry v. Heffernan, 132 Fla. 386, 182 So. 427 (1938).

 We are satisfied that under the circumstances of this case service on Campbell was adequate. The district court in Tennessee acquired jurisdiction to render a personal judgment against him.[2]

The judgment of the district court for the Northern District of Texas vacating the Tennessee judgment and removing the lien from Campbell's real property in Texas is reversed. The status of the

discovery proceedings is not clearly shown, therefore the case is remanded for such further proceedings as may be appropriate and not inconsistent with this opinion.

---

2. There is no doubt, of course, that had the Tennessee judgment been void for lack of jurisdiction over the defendant a federal district court in Texas would have the power to declare it void. See generally, 7 Moore, Federal Practice ¶ 60.41 (2d ed. 1966); James, Civil Procedure §§ 11.5 & .6 (1965).