JOHN S. COVINGTON, Judge.
Plaintiff was granted a divorce based on his and defendant’s voluntarily living separate and apart for a period of time in excess of the statutorily required minimum. The curator ad hoc for the absentee defendant wife suspensively appealed the judgment dated February 1, 1985.
The petition for divorce, filed on January 11, 1985, alleged, inter alia, that defendant wife was an absentee and the court appointed a curator ad hoc who accepted service and waived citation on January 11, 1985. The court minutes for January 31, 1985 reflect that:
This day this matter came up by consent of counsel in the nature of a confirmation. Plaintiff was represented by Joseph J. Simpson, defendant represented by Charles M. Reid, attorney ad hoc. The matter was taken up and heard, tes *1005 timony adduced, offerings made and Court rendered judgment as prayed for.
Judgment was signed in favor of plaintiff and against defendant decreeing a divorce a vinculo matrimonii.
The judgment states in part that “This cause came on this day to be tried” and further that judgment was read, rendered and signed “on this 1st day of February, 1985” although the date “January 31, 1985” is written in longhand in the space provided opposite the word “filed” and before the signature of the deputy clerk of court. We point out the above discrepancies in the judgment and the minute entry but conclude the judgment was rendered on January 31 but read and signed on February 1. The motion for appeal states the judgment appealed was “rendered on February 1, 1985.”
After plaintiff-appellee and his corroborating witness testified regarding date and place of marriage, domicile in Tangipahoa Parish, and defendant’s leaving plaintiff in December, 1983 and relocating to Florida, the attorney appointed to represent the absentee defendant stated for the record, but not under oath from the witness stand, that he had “filed an answer in the nature of a general denial” and had written “a certified letter to the defendant, certified return receipt, and I’ve gotton no response from it.” The court’s response to the foregoing statement of the curator ad hoc was “All right” and plaintiff’s counsel immediately asked for judgment and stated that “when he [curator ad hoc] does get the certified receipt back I ask that it be entered in the record.” The court stated “judgment as prayed for” and the proceedings were closed.
In the colloquy between the court and counsel, neither the court nor plaintiff’s counsel asked the curator ad hoc what date he mailed the certified letter to defendant and whether he mailed a copy of the petition for divorce to her, informing her of the delays allowed for filing an answer or other responsive pleadings. The curator ad hoc did not volunteer the answers to the foregoing.
The entire record of this case, consisting of sixteen pages, does not contain either a copy of the curator’s letter to defendant or the certified receipt which plaintiff’s counsel requested be entered in the record which was certified as complete by a deputy clerk of court on April 26, 1985.
ASSIGNMENTS OF ERROR
Defendant-appellant assigns as reversible errors the trial court’s granting a judgment of divorce (1) when no answer had been filed on the date of the trial and (2) without adequate notice to the defendant of the pendency of the proceedings.
ISSUES
The two issues presented in this appeal are:
1. Did the trial court commit reversible error by permitting plaintiff to present his case at a hearing in the nature of a confirmation in the absence of an answer by the curator ad hoc?
2. Was the absentee defendant accorded due process of law at the hearing in the nature of a confirmation in the absence of proof that she had received notice of the pendency of the suit and had taken no action to prevent a default judgment from being entered?
ISSUE NOT JOINED
The record reflects that the hearing was conducted on January 31,1985 and that the curator ad hoc acquiesced in it although only twenty days had elapsed since he had accepted the appointment and accepted service. The curator’s appellate brief states that his letter to the absentee defendant “is dated January 18, 1985” but does not state when the letter was mailed. However, the brief cannot supplement the record. The record does reflect that the curator’s answer was filed February 1, 1985; it also reflects he stated at the hearing that he had filed an answer in the nature of a general denial and that he had received no response to his certified letter, the mailing date of which was not stated.
*1006 La.C.C.P. art. 5095 mandates the curator ad hoc, except in executory proceedings, to file an answer in time to prevent a default from being rendered and permits the curator to prosecute appeal from an adverse judgment.
In the instant case, the curator ad hoc clearly did not file his answer as required by law; therefore, the holding of the hearing in the nature of a confirmation was improper. Thus, the judgment rendered at that hearing was without legal effect.
DUE PROCESS NOTICE
Even if the curator had performed his statutorily mandated duty by filing a timely answer, the hearing was nevertheless devoid of due process.
Neither appellee’s brief nor appellant’s brief has any value in resolving the substantial due process issue presented by this appeal.
We reiterate that the record contains nothing to establish that defendant had been placed on notice that she was being sued for divorce. Plaintiff did not introduce into evidence a copy of the curator’s letter, stated by the curator at the hearing to have been sent by certified mail, return receipt requested. Thus, the record does not reflect the date of mailing, although it had to be no earlier than January 11, 1985, the date on which he accepted the appointment and service of the petition. Accepting as true for purposes of this discussion the statement in the curator’s brief in this court that his letter was “dated January 18, 1985”, the letter was written thirteen days before the hearing on January 31. We reiterate that the record does not reflect the date the letter was written or the date it was mailed.
“An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).
The Supreme Court of Louisiana applied the Mullane principle in holding that the ordinary mail notice provision of La.R.S. 23:1630 did not violate due process. Bailey v. Cajun Insulation, 453 So.2d 237 (La.1984). In Bailey the Court reasoned, in pertinent part, that:
The import of the Mullane decision is that the notice required by the statute under consideration must be reasonably calculated, under all the circumstances, to inform the parties of their rights. ...
453 So.2d at 240.
The United States Supreme Court reasoned further, in Mullane,
... “The fundamental requisite of due process of law is the opportunity to be heard.” (citation omitted).
... The notice must be of such nature as reasonably to convey the required information, ..., and it must afford a reasonable time for those interested to make their appearance, ...
But when notice is a person’s due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. ...
70 S.Ct. at 657.
Massengill v. Campbell, 391 F.2d 233 (5th Cir.1968) held the Federal District Court in Tennessee acquired personal jurisdiction over a Texas resident in a diversity of citizenship suit because a member of the defendant’s household signed for a registered letter sent by the Secretary of State of Tennessee informing him that he was being sued for personal injuries a Tennessee resident sustained in a vehicular collision with defendant in Tennessee. The Court, relying on the Mullane principle, reasoned that “under the circumstances of this case service on Campbell was adequate.” 391 F.2d at 235.
The foregoing Louisiana and Federal jurisprudence makes it clear that due *1007 process notice is notice which, under all the circumstances, is calculated to inform the parties of the pendency of a law suit by conveying the required information, and which affords a reasonable time for those interested to make their appearance. The purported notice in the instant case, when judged by the principle of Múlleme, Bailey, and Massengill, was not reasonably calculated, under all the circumstances, to inform the absentee of her right to make an appearance and be heard. We hold that the absentee was not accorded constitutional due process. Acceptance of service by the curator ad hoc and his writing to her do not, standing alone, constitute notice required to measure up to due process standards. There is nothing in the record to indicate that the absentee defendant was actually apprised of the pendency of the suit for divorce. The opposite is true. The curator ad hoc stated at the hearing that he had received no response from his certified letter to her.
Accordingly, the judgment granting plaintiff an absolute divorce is reversed and the matter remanded for proceedings consistent with the views expressed herein. Plaintiff-appellee is cast for all costs in the trial court and on appeal. La.C.C.P. art. 2164.
REVERSED AND REMANDED.
LANIER, J., concurs and assigns reasons.
EDWARDS, J., concurs for the reasons assigned by LANIER, J.