[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11310

Non-Argument Calendar

_____

MAX RANDOLPH CHILDS,
a.k.a. Randy Childs,

                                        Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:20-cv-00373-TFM-N

_____

2                    Opinion of the Court                    23-11310

Before WILSON, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Randy Childs appeals the district court's judgment finding Childs contributorily negligent, barring recovery in this Federal Tort Claims Act suit. Because the district court's finding of contributory negligence was not clearly erroneous, we affirm.

**I.**

Childs sued the United States under the Federal Tort Claims Act, alleging a federal employee negligently injured Childs by hitting him with his car. The district held a bench trial and received evidence, including a video recording of the incident.

The bench trial record establishes that on July 12, 2017, Childs, a trucker, stopped at the Creek Travel Plaza in Escambia County, Alabama, to buy a bottle of water. On exiting the store, he saw Tribal Officer James Dean in his police car next to the curb in front of the plaza. Childs began to walk across the parking lot, looking left to wave at two of the plaza employees. As Childs looked away, he crossed directly in front of the police car to his right, which rolled forward and struck Childs.

The district court held that Childs could not recover for his injuries. The district court found that "after having looked at the video and heard [Childs's] testimony . . . [Childs was] contributorily negligent." Because the Federal Tort Claims Act requires federal courts to follow state tort law, and because Alabama law bars

recovery for contributorily negligent plaintiffs, the district court entered judgment in favor of the United States.

## II.

"After a bench trial, we review the district court's conclusions of law *de novo* and the district court's factual findings for clear error." *Proudfoot Consulting Co. v. Gordon*, 576 F.3d 1223, 1230 (11th Cir. 2009) (citing *Renteria-Marin v. Ag-Mart Produced, Inc.*, 537 F.3d 1321, 1324 (11th Cir. 2008)). A reviewing court can find clear error only when "on the entire evidence [it] is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## III.

Childs challenges the district court's finding that he was contributorily negligent, contending that "based on the undisputed evidence in this case, [Childs] used due care by noting the presence of the officer's vehicle ahead of time, noting that [Officer Dean] was stopped, and noting that [Childs] was [in] plain view of Officer Dean." Childs also argues the district court violated Rule 52 "and did not state facts on the record which supported its Order Dismissing the case." Both arguments fail.

The FTCA lets plaintiffs recover in federal court when federal employees negligently injure them on the job. 28 U.S.C. § 1346(b)(1). Liability under the FTCA turns on the law of the state where the claim arose—here, Alabama. *Id.* In Alabama, "[w]hether a plaintiff was guilty of contributory negligence is [] a question of

fact." *Foster & Creighton Co. v. St. Paul Mercury Indem. Co.*, 88 So. 2d 825, 832 (Ala. 1956) (quoting *Ziraldo v. W.J. Lynch Co.*, 6 N.E.2d 125, 127 (Ill. 1936)). A plaintiff is contributorily negligent if he "failed to exercise reasonable care." *Hannah v. Gregg, Bland & Berry, Inc.*, 840 So. 2d 839, 861 (Ala. 2002). Pedestrians have no per se duty to look both ways before crossing the street, "but what is due care in this regard will depend upon the character of the street, the extent of its use by vehicles, the kind of vehicles that frequent it, and upon the locus of the attempted crossing." *Adler v. Martin*, 59 So. 597, 603 (Ala. 1912).

Childs argues he exercised due care because he saw Officer Dean's car stationary "5-6 seconds before he stepped off the curb," but we cannot say the district court clearly erred in rejecting this testimony as establishing due care. The surveillance footage shows that Childs did not look both ways before crossing the street in a busy lot and stepped directly in front of the police car. Rest stops are transient places where cars often drive in and out. The district court did not clearly err in determining that a person "exercis[ing] reasonable care" would have been on the lookout for a moving vehicle. *Hannah*, 840 So. 2d at 861 (Ala. 2002). We thus do not have a "definite and firm conviction" that the district court erred in finding Childs negligent. *U.S. Gypsum Co.*, 333 U.S. at 395.

Under Federal Rule of Civil Procedure 52, in a bench trial "the court must find the facts specifically and state its conclusions of law separately," which "may be stated on the record after the close of evidence or may appear in an opinion." Fed. R. Civ. P.

52(a)(1). The only finding at issue here is contributory negligence, and the district court stated its factual finding on that issue: "And, after having looked at the video and heard the testimony, I conclude that [Childs was] contributorily negligent." The court then stated its legal conclusion on the issue separately: "And, therefore, unfortunately, it bars recovery for [Childs]."

To the extent Childs argues the district court's statement was inadequate, he overstates Rule 52's requirements. "The judge need only make brief, definite, pertinent findings and conclusions upon the contested matters; there is no necessity for overelaboration of detail or particularization of facts." *Stock Equip. Co. v. Tenn. Valley Auth.*, 906 F.2d 583, 592 (11th Cir. 1990) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 52(a) advisory committee's note to 1946 amendment). Although the district court did not need to explain precisely how it weighed the evidence, the court noted that, although the video made summary judgment a close call, Childs's testimony about his care in stepping in front of the police car was unpersuasive.

## IV.

We **AFFIRM** the judgment of the district court.