## Variety Manufacturing Company v. Minnie Landaker, Administratrix.

### Gen. No. 12,768.

1. MASTER—*when liable for servant's negligence.* A master is liable for the careless and negligent acts of his servant where such servant is engaged upon the master's work and within the scope of his authority.

2. CONTRACTOR—*duty of, towards servants of another, upon the same premises.* A contractor whose servants are engaged upon work about which the servants of another are also engaged, owes the servant of such other contractor the duty of ordinary care in prosecuting its work.

3. CONTRIBUTORY NEGLIGENCE—*when question of, for jury.* Where the evidence does not clearly establish a lack of care by the person injured, the question is one to be determined by the jury.

4. CORONER'S VERDICT—*how far competent.* A coroner's verdict is competent evidence of any fact properly included therein and within the scope of the inquiry.

5. MOTION FOR NEW TRIAL—*effect of written.* Points not urged in a written motion for a new trial are deemed waived.

6. REMARKS OF COURT—*what essential to review of.* In order to review the propriety of remarks made by the trial judge, it is essential that an exception to such remarks shall have been preserved.

Action on the case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed November 23, 1906.

**Statement by the Court.** This is an appeal from a judgment of the Superior Court in an action on the case brought by appellee as administratrix of the estate of Charles Landaker, deceased, against appellant for damages for injuries received, causing the death of Charles Landaker.

On November 1, 1902, Charles Landaker, deceased, and his helper, Charles Erhardt, were at work for the Eaton & Prince Elevator Company constructing an elevator in the three-story brick building of the

Illinois Moulding Company in Chicago, Illinois. The shaft in which the elevator was being constructed was enclosed by brick walls with doors opening on the east and west sides at the several floors. Landaker and his helper, in the prosecution of their work in the shaft, used two planks each sixteen feet long, which they laid across the shaft at each floor from door to door for a scaffold to work upon.

When deceased and his helper had so far progressed with their work at the second floor of the building that it was necessary for them to go to the third floor and work near the roof of the building, they left the two planks, which were the property of their master, laid across the shaft and supported at each end by the floor of the building at each side of the shaft, in the position in which they had been using them, and ready for further use on their return to work at the second floor.

While deceased and his helper were at work near the roof two servants of appellant, Variety Manufacturing Company, came to the building for the purpose of erecting doors in the elevator shaft at the several floors. They erected doors at the second floor, and in their work made use of the planks so left by deceased and his helper across the elevator shaft.

The evidence tends to show that in order to try their doors which worked perpendicularly inside the shaft, appellant's servants moved the planks from the floor on one side of the shaft so as to permit the door to pass up and down past the floor; and in order to enable them to work from the end of the planks thus left unsupported they weighted the other end of the planks and braced them from the ceiling down to the floor. After finishing their doors at the second floor, appellant's servants removed the braces and weights from the end of the planks resting on the floor and left the planks thus projecting nearly across the elevator shaft with one end of the planks entirely unsupported.

After finishing their work near the roof Landaker and his helper went back to the second floor, and seeing the planks in apparently the same position as when left by them, Landaker started to walk over the planks into the shaft, the planks gave way and he fell to the bottom of the shaft, receiving injuries which it is claimed resulted in his death.

Deceased left him surviving Minnie Landaker, his widow, and Walter, Harold and Gertrude Landaker, his minor children, all of whom are still living.

The trial resulted in a verdict and judgment against appellant for $5,000.

BOLEN & STEWART, for appellant.

ELMER & COHEN and E. C. WOOD, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

It is urged on behalf of appellant as a ground of reversal that the evidence fails to show that appellant had anything whatever to do with the accident that happened to Landaker, and therefore appellant's motion to take the case from the jury should have been granted.

We have examined with care the evidence in the case bearing upon the question whether the servants of appellant moved the planks so that one end did not quite reach the side of the elevator shaft and so had no support and then left the planks in that position, and we find the evidence quite sufficient to sustain appellee's case. The testimony of Tuttle, Erhart and Griesman tends to show the removal of the planks by appellant's servants from a safe position to a position in which one end of the planks had no support. Appellant's servants knew that in this position the planks were dangerous unless they were weighted and braced. They accordingly placed weights on the ends that were supported and braced

them from the ceiling. Having finished their work they removed the weights and braces and negligently and carelessly left the planks in a dangerous position and without restoring them to the position in which they were placed and left by deceased. The jury might reasonably draw the inference of negligence on the part of appellant's servants from the testimony of these witnesses. They could not reasonably draw any other inference.

The rule of law is elementary that a master is liable for the careless or negligent acts of his servant while such servant is engaged upon the master's work, and within the scope of his authority. Dinsmoor v. Wolber, 85 Ill. App. 152; Andrews v. Boedecker, 126 Ill. 605; Christin v. Irwin, 125 Ill. 619.

A contractor whose servants are engaged upon work about which servants of another are also engaged, owes the servants of such other contractor the duty of ordinary care in prosecuting its work. John Spry L. Co. v. Duggan, 182 Ill. 218. This legal duty is not questioned by counsel for appellant, but it is claimed that the facts do not bring appellee's case within the rule. We cannot concur with counsel in this claim. We think the evidence shows facts which gave rise to a duty on the part of appellant, and that appellant's servants were negligent, and that the negligence produced the injury complained of. It was a question for the jury under the evidence, and therefore the court did not err in refusing to take the case from the jury

Appellant contends further that the deceased was guilty of contributory negligence.

It is an undisputed fact in the case that when deceased left the planks they were supported at both ends, and were in a safe condition. Deceased is not shown to have had any knowledge that any change had been made in the position of the planks. Erhart and Griesman had seen the planks moved away from the edge of the shaft and weighted and braced, but

they made no mention of the fact to Landaker prior to the accident. It does not appear from the evidence that Landaker knew the planks had been used by appellant's servants that morning while he was in the top of the shaft. Upon his return to the second floor he found the planks apparently in the same condition as when he left them that morning. He could reasonably assume that the planks were still safe for the purpose for which he had placed them there. The light in the shaft was dim. His previous use of the planks in the same apparent position would tend to allay in his mind any suspicion of danger. We cannot say therefore that the deceased was guilty of contributory negligence under the evidence. It was a question of fact for the jury, and we cannot say that their verdict was wrong on this question, or contrary to the weight of the evidence.

Error is assigned upon the admission of the verdict of the coroner's jury returned at the inquest on the body of deceased.

The coroner's verdict finds that Charles Landaker "came to his death on the 7th day of May, A. D. 1903, at the West Side Hospital, from the effect of injuries received, caused by falling down an elevator shaft in the new building belonging to the Illinois Moulding Company at 23d street and Western avenue, while in the performance of his duties and in the employ of the Eaton & Prince Elevator Company, November 1st, 1902."

There was nothing in the finding which had any bearing upon any contested issue in the case. The verdict of the jury in this case could not have been influenced against appellant, or to appellant's injury by the verdict of the coroner's jury. It was not error, therefore, to admit it. However, it seems to be the law of this state that the coroner's verdict is competent evidence of any fact properly included in the verdict and within the scope of the inquiry. U. S. Life Ins. Co. v. Vocke, 129 Ill. 557.

Counsel for appellant complains in argument of the admission of the testimony of Griesman in rebuttal.

The motion for new trial was in writing. Only two grounds were urged therein based on rulings of the court on matters of evidence, namely: "The court erred in admitting in evidence the coroner's verdict;" and "The court erred in admitting in evidence alleged contracts offered by plaintiff." These grounds do not cover the ruling which counsel here presents as error. The ruling admitting the testimony complained of in rebuttal cannot now be urged as error. The right to urge it as error was waived. I. C. R. R. Co. v. Johnson, 191 Ill. 594.

Complaint is made that the trial judge made comments on the evidence of the witness Tuttle, in the presence of the jury, which were prejudicial to appellant. We find no exceptions, however, in the abstract, to the remarks of the court. In the absence of exceptions taken at the time, an assignment of error thereon will not be considered. Deane et al. v. D. & R. G. R. R. Co., 77 Ill. App. 242.

Error is assigned upon the second instruction given at the request of appellee. This instruction, while not beyond criticism, states substantially the law as laid down in C. C. Ry. Co. v. Saxby, 213 Ill. 274. The giving of the instruction was not error.

Finding no error in the record the judgment of the Superior Court is affirmed.

*Affirmed.*