**Harvey F. Fetzer, Defendant in Error, v. Noel Construction Company and Armored Concrete Construction Company, Plaintiffs in Error.**

**Gen. No. 17,546.**

1. MASTER AND SERVANT—*when company working for general contractor is not an independent contractor.* Where the general contractor for a building contracts to pay a concrete construction company a certain per cent. for superintending the work to be performed under the contract, and additional compensation if the cost of the labor, material, etc., is less than a certain amount, such company is the agent or servant of the contractor and not an independent contractor.

2. MASTER AND SERVANT—*duty owing by contractor to servants of other contractors.* A contractor whose servants are engaged upon work about which the servants of another contractor are also engaged owes the duty of ordinary care in prosecuting his work in such a way as not negligently to injure the servants of the other.

Action in case for personal injuries.  Error to the Municipal Court of Chicago; the Hon. Arthur DeSelm, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed.  Opinion filed December 3, 1912.

H. L. Howard, for plaintiffs in error.

Joseph R. Fahy and Steere, Williams & Steere, for defendant in error.

Mr. Presiding Justice Clark delivered the opinion of the court.

In this case, which was one for the recovery of damages for personal injury, there was a trial before the court without a jury and a finding and judgment of $500 against both defendants.  It is argued that the judgment as against the Noel Company should be reversed because the person charged with the negligent act was an employee of the Armored Company.  With respect to the judgment as against the Armored Company it is argued that the damage alleged in the statement of claim was not shown, and that Armored Company was not shown by competent evidence to be guilty of actionable negligence.

The contract between the Armored Company and the Noel Company was introduced in evidence, and we think a fair construction of it to be that the Armored Company was to act as superintendent for the Noel Company.  The compensation to be paid, as shown by the contract, was 10% "for the superintending of the work to be performed hereunder."  There was also to be paid as additional compensation if the cost of the labor, material, etc., proved to be less than $125,000, such additional compensation being an amount equal to 25% of the saving.

A workman, who at the time of the accident was apparently in the employ of the Armored Company, placed a plank across the iron beams in shaft No. 11, which was done in order to enable a laborer to proceed with certain work being done in that shaft.  The evidence tends to show that this plank was allowed to extend into shaft No. 10.  As to whether or not notice

was given to the defendant in error is a matter of dispute.

The defendant in error was employed upon what was known as car No. 10, putting cams on it. Finding it necessary to go to the first floor to get a cap-screw, he, with other employees of the Otis Elevator Company, started in the car to go down. The car struck the end of the plank, which the defendant in error testified was projecting into shaft No. 10 two or three inches. He further testified that he had gone up in the elevator past the tenth floor, where the accident happened, about five minutes previously. It was apparently during these five minutes that the plank was placed in its position in shaft No. 11.

As to the relation existing between the Noel Company and the Armored Company, the case is not unlike Chicago Economic Fuel-Gas Co. v. Myers, 168 Ill. 139, and Linquist v. Hodges, 248 Ill. 491. We think that the evidence fairly tended to prove that the relation of independent contractor did not exist, but rather that the Armored Company was the agent or servant of the Noel Company. Under these circumstances the Noel Company would be liable for the negligence of a servant of the Armored Company. It would seem that the defendant in error was an employee of the Otis Elevator Company, and was assisting in installing the elevators in the building then in course of erection by the Noel Company, which was the general contractor, the building being the City Hall in the city of Chicago. The law is well settled that a contractor whose servants are engaged upon work about which the servants of another contractor are also engaged, owes the duty of ordinary care in prosecuting his work in such a way as not negligently to injure the servants of the other. Variety Mfg. Co. v. Landaker, 227 Ill. 22, affirming 129 Ill. App. 630.

After a careful reading of the record we are unable to say that the finding was manifestly against the weight of the evidence. The judgment will therefore be affirmed.

*Affirmed.*