**James Leatherman, Plaintiff-Appellee, v. Schueler Bros., Inc., a Corporation, Defendant-Appellant.**

**Gen. No. 62–O–25.**

Fourth District.
February 28, 1963.
Rehearing denied April 2, 1963.

O'Connell & Waller, of East St. Louis (John F. O'Connell, of counsel), for Schueler Bros., Inc., defendant-appellant, and Lee Eckert, defendant-cross-appellee.

McGlynn & McGlynn, of East St. Louis (Charles M. Whealon, of counsel), for plaintiff-appellee, and cross-appellant.

HOFFMAN, JUSTICE.

The plaintiff in this case, an employee of the Illinois Power Company, brought suit for personal injuries received when he slipped and fell down a basement stairway in a new home under construction. The defendants are Schueler Bros., Inc., the general contractor, and Lee Eckert, the painting contractor. The jury absolved Eckert but found the general contractor liable. Judgments in accord with the jury's verdicts were entered. The general contractor appeals, and the plaintiff cross-appeals against Eckert, the painting contractor.

The defendant Schueler was in the general contracting business and was constructing 4 homes for a development company in a subdivision near Columbia, Illinois. As general contractor, defendant Schueler furnished the carpenter work and did some other miscellaneous work on these homes. Various independent subcontractors were engaged by defendant Schueler to do the painting, plumbing, heating and electrical work. Among these was the defendant Eckert, who, the parties have all agreed, was an independent contractor engaged by defendant Schueler to do the painting. It was admitted by defendant Schueler's president that it was Schueler's duty, as general contractor, "to co-ordinate the work of all the people doing work on the property."

On the day of the accident, the house in question was nearly completed and there was very little to do before turning it over to the new owner. Defendant Schueler had some minor adjustments to make; the power company had to complete the installation of the gas meter; and the painters were finishing up. The accident occurred in this way: The defendant Eckert had just finished painting the basement steps and had

left his bucket at the top of the stairway with a brush in it, while he went into the dinette area to get a piece of baseboard with which to block the steps. While he was momentarily gone, perhaps for only 30 seconds, the plaintiff entered the rear of the house and proceeded towards the basement to check the gas meter installation. As plaintiff started down the stairs, his foot slipped on the wet paint, and he fell to the bottom of the stairs, severely injuring himself.

The charges of negligence alleged against both defendants together in a 1-count complaint were that they failed to blockade the stairway, failed to post any warning notice, failed to warn plaintiff of the condition of the stairway, and carelessly left the stairs in a dangerous condition. Plaintiff's theory is that both defendants had a duty to use reasonable care to keep the premises under construction in a reasonably safe condition for the use of persons rightfully upon them, and plaintiff argues that whether or not defendants breached this duty is a question for the jury.

Defendant Schueler, to reverse, argues that there was no evidence that it had sole custody, control and possession of the stairway and that since Eckert was an independent contractor, this failure to show control in Schueler is fatal to plaintiff's case; that the verdicts were inconsistent because any negligence on the part of Schueler would be derivative from Eckert, and since the jury found Eckert not negligent, it must follow that Schueler, likewise, is not negligent; that the plaintiff was contributorily negligent as a matter of law; that the verdict was grossly excessive and against the manifest weight of the evidence; and that the court erred in certain jury instructions.

We have carefully studied the authorities cited by defendant Schueler. These authorities are primarily cases involving suits against owners of premises. We

60

do not deem them decisive of or pertinent to the issues involved here, which issues concern the duties owned by a general contractor and a independent contractor to a person who lawfully comes upon the premises. Furthermore, we point out that the evidence does not *manifestly* support the argument that Eckert was in the sole custody, control and possession of the stairway, even temporarily. To the contrary, the evidence establishes that the general contractor retained his original control over the entire premises in order to complete the unfinished work. In 20 ALR 2d 868 there appears an annotation pertaining to a general contractor's liability for injuries to employees of other contractors on the premises. This annotation clearly points out that notwithstanding the rule that an owner of premises is not liable for the negligence of an independent contractor, there are many instances where a general contractor is liable to those lawfully upon the premises. And it is stated, at page 873, that a general contractor has the duty imposed by common law towards invitees to keep the premises safe, and that he may not relieve himself of this duty by delegating the same to an agent or a subcontractor.

■ The weight of authority supports the rule that a general contractor owes a duty to see that adequate protection is furnished persons lawfully upon the premises against injury which might be anticipated as probable consequences of the work of the subcontractors. See: Donohue v. Stiles, 214 Ill App 82; American Tel. & Tel. Co. v. Leveque, 30 Ill App2d 120, 173 NE 2d 737, 742. This rule lies four-square within the broader rule set forth by our Supreme Court that "the true basis of liability is the foreseeability of harm . . ." Kahn v. James Burton Co., 5 Ill2d 614, 126 NE 2d 836, 842.

■ ■ So, in this case, both the general contractor as well as the independent subcontractor, separately, owed a duty to the plaintiff to guard against injuries to him which might naturally follow from the consequences of the painter's acts, if plaintiff's presence upon the premises was reasonably foreseeable. Under the facts of this case, the questions of whether or not injury to the plaintiff might have been reasonably anticipated by the defendants and whether plaintiff was contributorily negligent were pre-eminently jury questions. Ziraldo v. W. J. Lynch Co., 365 Ill 197, 6 NE2d 125.

The jury has decided that liability should be imposed on the general contractor but not upon the subcontractor. To do this, the jury had to decide that injury to the plaintiff was foreseeable to the general contractor but not to the subcontractor. Neither of these decisions can stand if it is against the manifest weight of the evidence. In both situations, that is, against both the general contractor and the independent contractor, the plaintiff's conduct is identical; and, the actions of both defendants are equally applicable to both situations. The only issue upon which the jury could distinguish between the two defendants is the question of whether or not the plaintiff's presence on the premises was reasonably foreseeable by each of the defendants. Obviously, the verdicts indicate that the plaintiff's presence was not reasonably foreseeable to the independent contractor but was to the general contractor. Let us examine the evidence to determine the reasonableness of this distinction.

None of the independent contractors working on this project had any definite time schedule. They were to do their work on their own schedules, being only required to have their work finished by the date of completion set by the general contractor. This was described as a typical construction job. Different peo-

ple were in and out at different times, and on the day of the occurrence the outer door was unlocked.

The plaintiff testified that he had been in other houses in that subdivision being constructed by Schueler and painted by Eckert, and that he had been at the house where the accident happened a day or two before. At that time, plaintiff had used the then unpainted steps leading to the basement, which were directly ahead of the unlocked outer door. On the day of the accident there was no evidence that either Schueler or Eckert warned the plaintiff of the unpainted steps leading to the basement, which were stairway's condition.

Insofar as defendant Schueler is concerned, the evidence is clear that the house was not yet finished and that the heating work was not yet completed. Regarding defendant Eckert, he testified: "I knew that at some time the gas in these homes had to be checked out by the employees of the Gas Company." He further testified: "I remember seeing Mr. James Leatherman (the plaintiff) on the construction I was working on that day (the day of the accident). I had seen him on different jobs before that. I had seen other people from the gas company besides Mr. Leatherman. I saw other personnel from other contractors on these different jobs . . . When I saw Mr. Leatherman, I knew that he apparently had gone there to take care of something to do with the gas."

The above is a fair and complete resume of all the evidence abstracted on this point. We hold that a careful examination of this evidence establishes that it is absolutely unreasonable to conclude that there was any distinguishable degree of foreseeability of injury to the plaintiff between the general contractor and the subcontractor. The foreseeability of plaintiff's coming upon these premises and being injured upon the wet stairs was equal as to both defendants. The facts will

not reasonably admit a finding that Schueler should have foreseen the plaintiff, but not Eckert; nor will they admit that Eckert should have foreseen the plaintiff, but not Schueler. The danger to the plaintiff of the newly painted stairs was equally foreseeable to both. The argument that the painter should have had the right to leave the stairs unprotected for 30 seconds to secure a barricade is just as properly applied to the foreseeability responsibility of the general contractor as it is applicable to the painter. If it was proper for the painter to leave the stairs unguarded, it was proper for the general contractor to rely on that fact for his benefit.

We do not mean to imply that the amount of foreseeability required is equal between a general contractor and an independent contractor in every case. But, in this particular instance, under these facts, reasonable men cannot say that there was any difference. The verdict of this jury finding liability on the part of the general contractor and no liability on the part of the independent contractor was fatuous, unrealistic and resulted in an irresponsible placing of loss on one party.

■■ We do not mean to be understood as saying that the liability between these defendants here was joint nor that it was in any way derivative. The test for liability in this case, as we stated above, is the foreseeability of the danger. When this is the case, a jury cannot lay liability on one person and not another unless there is a rationale to justify such distinction. Here no such rationale is evident. Both parties had equal opportunities and duties to foresee the presence of the plaintiff and the danger to him. To prefer one to the other is incongruous.

■ In this case the jury has obviously preferred one defendant over another without justifiable reason. When there is such an inconsistency between two ver-

dicts a new trial for all parties should be ordered, because the reviewing court cannot usurp the jury's function and decide which way the case should ultimately go. A verdict consistent with exoneration vitiates a companion verdict finding guilt and assessing damages.

■ Since a new trial must be held in each of the cases, we believe it helpful to point out that there was no error in refusing to give defendant's instruction No 8. This is not an IPI instruction. It was mandatory in form and the tenor of the instruction was too argumentative. In attempting to define the significance and meaning of the. element of control, it created an ambiguity. In addition, it said a certain allegation was "an essential allegation" thereby overemphasizing one aspect of the case.

■ With reference to plaintiff's instruction No 10, which was given, while the giving of it might not alone constitute reversible error, it would be well that the instruction incorporate the element of foreseeability as pointed out in this opinion. Each defendant owed the plaintiff a duty to exercise reasonable care to keep the premises reasonably safe for use by the plaintiff if his presence on the premises was reasonably foreseeable. In the form given, the element of foreseeability of plaintiff's presence was ignored.

The judgments upon the verdicts here are both reversed, and the entire cause remanded for a new trial as to both defendants.

Reversed and remanded.

SCHEINEMAN, P. J. and CULBERTSON, J., concur.