In the

# United States Court of Appeals

### For the Seventh Circuit

No. 01-3075

PAMELA BINZ, individually and as
Special Administrator of the Estate
of John Binz, Deceased,

*Plaintiff-Appellant,*

*v.*

BRANDT CONSTRUCTION CO., INC.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 99 C 4017—**Michael M. Mihm**, *Judge.*

ARGUED FEBRUARY 26, 2002—DECIDED AUGUST 19, 2002

Before FAIRCHILD, COFFEY, and KANNE, *Circuit Judges.*

KANNE, *Circuit Judge.* Pamela Binz ("appellant") appeals from the district court's grant of summary judgment in favor of Brandt Construction Co., Inc., finding that Brandt Construction owed no duty of care to John Binz, Pamela's deceased husband, under Illinois negligence law. We affirm.

## I. History

Iowa Interstate Railroad Ltd. is an interstate rail freight carrier. In October 1998, Iowa Interstate was conducting

a tie installation construction project ("construction project") on the Sylvan Slough Bridge. Terry Benton, an Iowa Interstate engineering superintendent, was responsible for planning and overseeing the construction project. After determining that Iowa Interstate lacked sufficient labor and equipment to efficiently complete the construction project, Benton contacted Brandt Construction and entered into an oral contract with Brandt Construction, whereby Brandt Construction agreed to lease to Iowa Interstate a specified number of workers and equipment. Brandt Construction provided Iowa Interstate with six laborers, including one "foreman," and equipment. Brandt Construction did not, however, provide expertise with respect to any aspect of the construction project.

John Binz ("decedent") was an employee of Iowa Interstate. On October 8, 1998, he was performing tie replacement work on the Sylvan Slough Bridge. As he stood up after completing his work on the bridge, the decedent turned to give a "thumbs-up" signal to one of his co-workers, and he stumbled backwards and fell. He temporarily clung to the bottom of the bridge, but before help arrived, he fell into the water below. The water was approximately 15 feet deep, and the decedent, being fully dressed and wearing heavy work boots, drowned.

Immediately prior to his accident, the decedent and Roger Bassett, an Iowa Interstate employee and the working foreman at the construction site, had been operating a piece of equipment that had been loaned to Iowa Interstate by Brandt Construction. No one from Brandt Construction was helping to operate the equipment, and no evidence was presented suggesting that the equipment malfunctioned or was unreasonably unsafe for its intended purpose. Unfortunately, at the time of the accident there was no fall protection or safety equipment on the bridge. Neither Iowa Interstate nor Brandt Construction had made a boat or skiff, life vests, lifelines, lanyards, or safety nets available at the construction site.

On October 13, 1998, the appellant filed a complaint against Iowa Interstate pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, *et seq*. On April 3, 2000, she amended her complaint, adding Brandt Construction as an additional defendant, alleging that Brandt Construction breached common law duties owed to her husband, and violated certain statutory regulations, thereby proximately causing the decedent's fall and death. Subsequently, the district court approved a settlement agreement between the appellant and Iowa Interstate valued at $1,328,000.00 and dismissed her claims against Iowa Interstate with prejudice. The district court then granted summary judgment in favor of Brandt Construction and against the appellant, finding that Brandt Construction did not owe the decedent a statutory duty, a common law duty, or a contractual duty.

In making its summary judgment determination, the district court considered the following evidence: At his deposition, Benton explained that the six Brandt Construction laborers were not permitted to direct Iowa Interstate employees in the performance of their duties at the construction site. Rather, Benton stated, Henry Musgrave, an Iowa Interstate employee, was responsible for the day-to-day scheduling of the work to be performed on the bridge, and for determining the manner, means, and methods to be used in completing the construction project. Roger Bassett's brother, Terry Bassett, was also a foreman on the construction project. Roger explained at his deposition that although Brandt Construction supplied Iowa Interstate with one foreman, this laborer reported directly to Terry Bassett and to Henry Musgrave. Finally, in a sworn affidavit, Terrance L. Brandt, corporate secretary of Brandt Construction, stated "[t]hat Brandt Construction Company could not, and did not, exercise supervision, direction, or control over the workers it supplied to Iowa Interstate while on the Sylvan Slough Bridge job

site," and "[t]hat Brandt Construction Company could not, and did not, exercise supervision, direction, or control over any workers or any of the activities on the Sylvan Slough Bridge job site."

The appellant argues that the district court erred when it concluded that Brandt Construction owed no duty of care to the decedent and granted summary judgment in Brandt Construction's favor. She contends that the Federal Railroad Administration's ("F.R.A.") Bridge Worker Safety Standards required Brandt Construction to provide safety equipment at the construction site and therefore imposed a duty of care on Brandt Construction. Additionally, she contends that Illinois common law imposes a duty of reasonable care on contractors that runs to the employees of other contractors who are working on the same construction project. Thirdly, the appellant argues that Brandt Construction contractually assumed a duty of care. Finally, she asserts that the district court improperly retained supplemental jurisdiction over her state law negligence claim after dismissing her federal claim.

## II. Analysis

First, with respect to jurisdiction, contrary to the appellant's final argument on appeal, the district court did not abuse its discretion by retaining supplemental jurisdiction over her state law negligence claim after dismissing her sole federal claim because this case does not raise any novel or unsettled questions of Illinois negligence law and because discovery was already complete. *See Kennedy v. Schoenberg, Fischer & Newman, Ltd.*, 140 F.3d 716, 727-28 (7th Cir. 1998) (noting that the district judge is given broad discretion in balancing factors such as judicial economy, convenience, fairness, and comity and in making decisions concerning the retention of supplemental claims).

In regard to her remaining arguments, we review a district court's grant of summary judgment *de novo*, viewing in a light most favorable to the non-moving party all reasonable inferences drawn from the evidence. *See Furnish v. SVI Sys., Inc.*, 270 F.3d 445, 448 (7th Cir. 2001). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (*citing* FED. R. CIV. P. 56(c)). If the non-moving party fails to make a sufficient showing on an essential element of its case on which that party will bear the burden of proof at trial, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

To prevail in a negligence action under Illinois law, the appellant was required to establish: 1) that Brandt Construction owed a duty of care to the decedent; 2) that Brandt Construction breached the duty of care; and 3) that Brandt Construction's breach of the duty proximately caused the injury to the decedent. *See Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 649 N.E.2d 1323, 1326 (Ill. 1995). Under Illinois law, a duty is owed when parties stand in such a relationship to one another that the law imposes an obligation on the defendant to act reasonably for the protection of the plaintiff. *See Ziemba v. Mierzwa*, 566 N.E.2d 1365, 1366 (Ill. 1991). The appellant argues that Brandt Construction and the decedent stood in such a relationship and that the district court erred when it found that Brandt Construction owed no such duty to the decedent. The appellant maintains that Brandt Construction owed a duty based on three theories.

First, she argues that the Bridge Worker Safety Standards created a duty of care. Although we agree with the district court's conclusion that the Bridge Worker Safety

Standards do not impose on Brandt Construction a duty of care, we also believe that, contrary to the district court's analysis, the loaned-servant doctrine compels this conclusion. *See Logan v. Caterpillar, Inc.*, 246 F.3d 912, 924 (7th Cir. 2001) ("In deciding an appeal, . . . we may rely on a ground other than the one relied on by the district court to affirm a grant of summary judgment, so long as there is adequate support in the record for the alternative basis.").

Generally, the Bridge Worker Safety Standards require employees to be provided with specified safety equipment when working twelve feet or more above ground or water surface. *See* 49 C.F.R. § 214.103. In this case, however, Brandt Construction was not obligated to provide such safety equipment because Brandt Construction did not have *employees* working on this construction project. Rather, we believe that the loaned-servant doctrine, which is recognized in Illinois, applies. Under this doctrine, an employee of one employer may be loaned to another employer, and thereby becomes the servant of the borrowing employer. *See Heinrich v. Peabody Int'l Corp.*, 459 N.E.2d 935, 939 (Ill. 1984) ("The loaned-servant doctrine . . . expresses the maxim of agency law that an agent of one master may be loaned to another and become the servant of the second master rather than the first for the special purposes for which he is loaned."). Although the existence of a loaned-servant relationship is generally a question of fact, it may become a question of law where undisputed facts are susceptible to but a single inference. *See Haight v. Aldridge Elec. Co.*, 575 N.E.2d 243, 252 (Ill. App. Ct. 1991). When determining whether the loaned-servant doctrine applies, Illinois law provides that several factors be considered, however, the dominant factor to be considered is who has the right to control the manner in which the work is being completed. *See id.*

In this case, there is absolutely no dispute over the issue of who had the right to control the manner in which

the construction project was being completed. Brandt Construction presented undisputed testimony that Iowa Interstate exercised *exclusive* supervision, direction, and control over all laborers working at the construction site. Although there is evidence that Brandt Construction supplied Iowa Interstate with a foreman, there was undisputed testimony that this laborer reported to and was supervised directly by Iowa Interstate employees Terry Bassett and Henry Musgrave. Thus, because the loaned-servant doctrine dictates that the Brandt Construction employees become the employees of Iowa Interstate for the purpose of completing this construction project, Brandt Construction had no obligation under the federal Bridge Worker Safety Standards to supply any safety equipment at the construction site because Brandt Construction had no employees working at the construction site.

Furthermore, we note that even without applying the loaned-servant doctrine to the case at bar, we would still affirm the district court. The district court concluded that the regulations do not impose a duty on Brandt Construction because the decedent was not an *employee* of Brandt Construction and the Bridge Worker Safety Standards only impose a duty which runs to employees. Moreover, as the district court highlighted, the fact that the F.R.A. cited Iowa Interstate for non-compliance with the Bridge Worker Safety Standards but chose not to cite Brandt Construction further supports this conclusion.

Next, the appellant argues that Brandt Construction owed to the decedent a common law duty of reasonable care. She claims that "a contractor whose servants are engaged upon work about which the servants of another contractor are engaged owes a duty of ordinary care in performing his work in such a way as not negligently to injure the servants of the other." *Melchers v. Total Elec. Constn.*, 723 N.E.2d 815, 818 (Ill. App. Ct. 1999). The appellant's reliance on *Melchers* is misplaced. In *Melchers*,

the plaintiff was injured when a wheelbarrow owned by a subcontractor tipped over onto the plaintiff while he was working in a trench. *See id.* at 816-17. The *Melchers* court imposed a duty on the subcontractor "to exercise reasonable care to protect plaintiff from injury caused by its equipment or apparatus." *Id.* at 819. Here, the equipment, which was owned by Brandt Construction and which the decedent had been operating did not cause his injury. After completing his work, the decedent stood up and then he stumbled backwards. Furthermore, as we previously explained, Brandt Construction had no control over the construction site. Thus, the district court did not err in finding that Brandt Construction did not owe the decedent a common law duty of care. *See, e.g.*, *Miller v. Archer-Daniels-Midland Co.*, 634 N.E.2d 1108, 1113 (Ill. App. Ct. 1994) (finding that under Illinois law, a subcontractor who had no control over another contractor's employee's worksite, his activities, and the manner and means in which he performed his work owed no duty to provide for that employee's safety).

Finally, the appellant argues that Brandt Construction contractually assumed a duty of care to provide for the decedent's safety. "[W]hen an allegation of negligence is based upon a contractual obligation, the scope of the duty is determined by the terms of the contract." *Melchers*, 723 N.E.2d at 818. In *Melchers*, the court concluded that because the relevant oral contract imposed no obligation upon the defendant to supervise the employees of other contractors, the defendant could not be found liable in negligence for the failure to supervise the work of the other contractors' employees. *See id.* Similarly, no evidence was presented by the appellant that Brandt Construction contractually assumed any *duty* to provide safety equipment at the construction site.

She relies on two statements made by Benton that Brandt Construction had "a responsibility to follow Federal

Regulations" and "to meet the requirements of the law" to support her assertion that Brandt Construction contractually assumed a duty to provide safety equipment at the construction site. Her argument fails, however, because as previously discussed, Brandt Construction was not obligated by law or by any federal regulations to provide any safety equipment or fall protection at the construction site.

## III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*