

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-15-106

| | |
|---|---|
| FIRST UNITED METHODIST CHURCH OF OZARK<br><br>APPELLANT<br><br>V.<br><br>HARNESS ROOFING, INC.; MID-CONTINENTAL RESTORATION COMPANY, INC.; and K&K ELECTRIC, INC.<br><br>APPELLEES | **Opinion Delivered** October 28, 2015<br><br>APPEAL FROM THE FRANKLIN COUNTY CIRCUIT COURT [NO. CV 2013-47 (IV)]<br><br>HONORABLE DENNIS SUTTERFIELD, JUDGE<br><br>AFFIRMED IN PART; REVERSED AND REMANDED IN PART |

**PHILLIP T. WHITEAKER, Judge**

The appellant, First United Methodist Church of Ozark ("the church"), appeals the decision of the Franklin County Circuit Court granting separate motions for summary judgment filed by the appellees, Harness Roofing, Inc. ("Harness"); K&K Electric, Inc. (K&K); and Mid-Continental Restoration Co., Inc. (MCR). We reverse and remand as to separate appellees K&K and MCR. We affirm as to separate appellee Harness.

A review of the facts and procedural history of the litigation is relevant to our determination of the issues raised on appeal. In the summer of 2009, the church began a renovation of its building without the services of a general contractor. MCR was the painting

and drywall contractor; K&K was the electrical contractor.[1]  At some point, Harness was called in to give an estimate regarding a leak in the roof. On Sunday, July 11, 2010, a fire heavily damaged the church. The fire department concluded that both the cause of the fire and the origin of the fire were undetermined. The church's expert, however, concluded that the probable cause of the fire was a halogen lamp that had been left on near combustible material in the attic.

The church filed suit against K&K, MCR, and Harness. The church alleged that K&K was the owner of the halogen lamp and that both MCR and Harness had used the lamp close to the time of the fire. The church further alleged that all three contractors were negligent in leaving the lamp on, in leaving the lamp near combustible materials, and in not checking to make sure the lamp had been turned off. The contractors filed separate answers denying liability. Eventually, K&K, Harness, and MCR each filed separate motions for summary judgment. Although each contractor asserted that it did not owe a duty to the church, each described the nature of the duty differently.

In its motion for summary judgment, K&K argued that it did not owe a contractual duty to the church nor a common-law duty to inspect or ensure a hazard-free worksite. The circuit court granted K&K's motion, finding that K&K did not owe any duty to the church to monitor the conduct of third parties, including other contractors, using its equipment.

---

[1]Jim's Sheet Metal and Cameron Construction were also contractors on the renovation. However, they are not parties to this litigation or appeal.

In its motion for summary judgment, Harness asserted that it had no duty to operate or interfere with equipment owned by one contractor and used by another contractor. The circuit court granted summary judgment to Harness, finding that Harness did not owe a duty to the church to ensure that the halogen lamp was in the "off" position or that it did not otherwise create a hazard.

Finally, in its motion for summary judgment, MCR argued that it did not have any duty to control any third party who had allegedly left the halogen lamp on. The court found that MCR owed neither a duty to inspect the job site to ensure that there were no potential fire hazards nor a duty to supervise the conduct of other contractors to ensure that they did not create a potential fire hazard. The church timely appealed the orders granting summary judgment.

Summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Tillman v. Raytheon Co.*, 2013 Ark. 474, 430 S.W.3d 698. On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings, but also on the affidavits and documents filed by the parties. *Id.*



The first issue for our review is the circuit court's conclusion that none of the appellees owed a duty of care to the appellant. Because the underlying cause of action is based in negligence, the existence of a duty of care is crucial. Our supreme court recently set out the framework for analyzing a negligence case, stating that "[u]nder Arkansas law, in order to prevail on a claim of negligence, the plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the plaintiff's injuries." *Yanmar Co. v. Slater*, 2012 Ark. 36, at 16, 386 S.W.3d 439, 449 (internal citations omitted). Because the question of what duty is owed is one of law, we review it de novo. *Lloyd v. Pier W. Prop. Owners Ass'n*, 2015 Ark. App. 487. If the court finds that no duty of care is owed, the negligence count is decided as a matter of law. *D.B. Griffin Warehouse, Inc. v. Sanders*, 349 Ark. 94, 76 S.W.3d 254 (2002).

On appeal, the church argues that the three contractors owed a duty of care. We agree. As contractors, K&K, MCR, and Harness are each held to both the standard of care of the contracting industry as well as to the standard of care of a reasonably prudent person. *See Dixon v. Ledbetter*, 262 Ark. 758, 760, 561 S.W.2d 294, 295 (1978); *Henderson v. Harbison*, 2012 Ark. App. 657, 425 S.W.3d 33. The standard of care for the industry is that degree of skill and care ordinarily possessed and used by contractors doing work similar to that shown by the evidence. *Henderson, supra.* Where a contractor is held to both custom-and-industry standards and to the standard that would be followed by a reasonably prudent man, the more exacting standard will control. *Smith v. Aaron*, 256 Ark. 414, 416, 508 S.W.2d 320, 321

(1974). Based upon our de novo review, we conclude that the circuit court's finding that K&K, MCR, and Harness owed no duty to the church is in error.

The next issue for our review is whether there exist genuine, material issues of fact to be litigated. As to all three contractors, the court found that the church lacked evidence as to who turned the halogen lamp on, who did or did not turn the lamp off, and who was the last person out of the attic on the last workday before the fire. The court further found that the church had failed to meet proof with proof to demonstrate that there was a genuine issue of material fact as to the proximate cause of the fire. As to K&K and MCR, we find that genuine, material issues of fact exist to be litigated.

The following facts are admittedly not in dispute. The church contracted with both K&K and MCR to perform subcontractor services on the renovation of its building. During the course of its services, K&K placed a halogen lamp that it owned in the attic of the church. During the course of providing its services, MCR suspected that a leak in the roof was impeding the completion of its work. Harness was called on to inspect the leak and provide an estimate on any repairs to the roof. Prior to the inspection of the suspected leak, an employee of MCR requested the use of a light in the attic from K&K. Joe Neden, an MCR employee, admitted that he plugged in an extension cord to check the leak. Both Neden and Mike Jones, an employee of Harness, entered the attic to inspect the leak. Curtis Kimsey, an employee of K&K, saw Neden plug in the extension cord before going up into the attic with Jones to inspect the leak. Kimsey later entered the attic to make sure that a junction box he



had installed was not in the way. The lamp was already on when he went into the attic. It is undisputed that the lamp was still illuminated when Neden and Jones left the attic.

Based upon this evidence, the circuit court's conclusion that the church lacked any evidence to show who turned on the halogen lamp was clear error. Admittedly, the church's pastor testified in his deposition that he did not have any information about who plugged in the extension cord. The circuit court, however, is not confined to considering affidavits filed with the motion but may search and review "*the entire record*, including all pleadings and exhibits filed in the case." *Purser v. Corpus Christi State Nat'l Bank*, 258 Ark. 54, 59, 522 S.W.2d 187, 190 (1975) (emphasis added); *Marshall v. Turman Constr. Corp.*, 2012 Ark. App. 686, at 2.

While the above facts are not in dispute, there are issues of *material* facts that are in dispute. There are disputed, material issues of fact that pertain to the duty owed by MCR. These include on what day the inspection occurred and whether the lamp was turned off at the completion of the inspection. MCR claims that the day of the inspection was on a Monday. Other evidence from the church, Harness, and K&K, however, all indicate that the day of the inspection was on a Thursday. This disputed issue of fact is material because MCR takes the position that it unplugged the extension cord at the completion of its inspection on Monday. The fire did not occur until Sunday, six days later, and there was evidence that the cord was still plugged in after the fire. Whether the inspection occurred on Monday or Thursday is relevant in light of this conflict. This evidence clearly implicates MCR's duty to

use ordinary care during its use of the halogen lamp and whether it breached that duty by failing to turn the lamp off after using it.

Moreover, there are disputed, material issues of fact that pertain to the duty of K&K. There exists an issue of material fact concerning the use of the halogen lamp for inspection purposes. K&K admits that MCR requested the use of a light in the attic for that purpose. It takes the position that it offered MCR the use of a flashlight but denies that it permitted the use of the halogen lamp. MCR, on the other hand, alleges that K&K permitted the use of the lamp. This dispute is relevant to the issue of the duty owed by K&K, because the record shows that K&K knew that, on the day of the inspection, others were using its lamp to light the attic. K&K did not object to other contractors using the lamp at that time; therefore, it was entirely foreseeable that other contractors on the job would use the equipment placed on the site by K&K. *See Marlar v. Daniel*, 368 Ark. 505, 247 S.W.3d 473 (2007) (holding foreseeability was one element in determining whether duty was owed).

Other courts have held that where the owner of equipment left at the job site has knowledge that its equipment is being used by others, it has a duty to make sure that its equipment causes no harm. *Melchers v. Total Elec. Constr.*, 723 N.E.2d 815 (Ill. App. Ct. 1999); *Holliday v. Miles, Inc.*, 72 Cal. Rptr. 96 (Cal. Ct. App. 1968). K&K admits that it did not go back up into the attic the rest of the week to make sure that the halogen lamp was turned off. K&K argues that it did not turn the lamp on and was thus under no duty to control the actions of another person to turn the lamp off, even though it had the practical ability to do so. *See Trammell v. Ramey*, 231 Ark. 260, 329 S.W.2d 153 (1959); *Tackett v.*

*Merchant's Sec. Patrol*, 73 Ark. App. 358, 44 S.W.3d 349 (2001). The requirement that K&K ensure that its lamp is turned off does not impose an obligation to supervise the conduct of other contractors. Rather, it is simply being held to its own duty of ordinary care to make sure that its equipment causes no harm.

Harness is in a somewhat different position, however. The circuit court specifically found that there was no evidence that Harness employees used, touched, turned on, turned off, plugged in, or unplugged the halogen lamp. While Harness also owed a duty of ordinary care, *see Dixon*, *supra*, the church failed to meet proof with proof because there is nothing in the record to indicate that Harness breached its duty. When a party cannot present proof on an essential element of his or her claim, there is no remaining genuine issue of material fact and the party moving for a summary judgment is entitled to judgment as a matter of law. *Irvin v. Jones*, 310 Ark. 114, 832 S.W.2d 827 (1992) (citing *Short v. Little Rock Dodge, Inc.*, 297 Ark. 104, 106, 759 S.W.2d 553, 554 (1988)).

We therefore conclude that there are genuine issues of material fact as to whether K&K and MCR breached their duties to the church, and whether their negligence, if any, was a proximate cause of the fire, thus precluding summary judgment. *See Clark v. Transcon. Ins. Co.*, 359 Ark. 340, 197 S.W.3d 449 (2004).

Affirmed in part; reversed and remanded in part.

GLOVER and BROWN, JJ., agree.

*Matthews, Sanders & Sayes*, by: *Doralee Chandler* and *Mel Sayes*, for appellant.
*Kutak Rock LLP*, by: *Niki Cung*, for appellee Harness Roofing, Inc.
*Bassett Law Firm LLP*, by: *Joel Isaac Farthing*, for appellee K & K Electric, Inc.
*Spicer Rudstrom, PLLC*, by: *Amy C. Markham*, for appellee Mid-Continent Restoration Company, Inc.